**AMERICAN BAPTIST CHURCHES, et al., Plaintiffs,**

v.

**Richard THORNBURGH, et al., Defendants.**

**Civ. No. C–85–3255–RFP.**

United States District Court, N.D. California.

Jan. 31, 1991.

See also 712 F.Supp. 756.

Marc Van Der Hout, Deborah Smith, Nat. Lawyers Guild, James J. Garrett, Michael L. Zigler, Lori A. Schechter, Darryl Hamm, Morrison & Foerster, San Francisco, Cal., Lucas Guttentag, American Civ. Liberties Union, Immigrants' Rights Project, Morton Stavis, Frank E. Deale, Ellen Yaroshefsky, Center for Constitutional Rights, New York City (Carolyn P. Blum, University of California, Asylum Appeals Clinic, Boalt Hall School of Law, Berkeley, Cal., of counsel), for plaintiffs.

William T. McGiven, Jr., U.S. Atty., Stephen L. Schirle, Chief, Civ. Div., Mary Beth Uitti, Asst. U.S. Atty., San Francisco, Cal., Stuart M. Gerson, Asst. Atty. Gen., Robert L. Bombaugh, Director, Francesco Isgro, Lisa Dornell, Attys., Office of Immigration

Litigation, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## STIPULATED ORDER APPROVING CLASS ACTION SETTLEMENT AGREEMENT

PECKHAM, District Judge.

On December 19, 1990, this Court provisionally approved the Stipulated Settlement Agreement submitted by the parties. Published notice of the pendency of the Settlement Agreement and of the fairness hearing was given to class members as provided in the Order Preliminarily Approving Stipulated Settlement Agreement by counsel for the plaintiffs in the manner set forth in the Declaration of Deborah Smith, filed on January 29, 1991. On January 31, 1991, the Court held a fairness hearing to consider objections to the proposed Settlement Agreement.

The Court having considered the one objection received and having made an independent determination that the Settlement Agreement is a fair, adequate and reasonable settlement of this action, it is hereby

ORDERED that the Settlement Agreement attached hereto is approved; and it is further

ORDERED that the instant action is dismissed with prejudice pursuant to the terms of the Settlement Agreement except insofar as the Court retains continuing jurisdiction as provided for in Paragraph 33 of the said Agreement; and it is further

ORDERED that the defendants, in making the disbursements of funds referred to in Paragraphs 5 and 41 of the said Agreement, will make the payments to Marc Van Der Hout as trustee and it is further

ORDERED that costs and fees shall be as set forth in Paragraph 41 of the Settlement Agreement.

## APPENDIX
## STIPULATED SETTLEMENT AGREEMENT
### TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| 1. | AMENDMENT OF CLASS | 799 |
| 2. | CLASS MEMBERS ELIGIBLE FOR DE NOVO ASYLUM ADJUDICATION | 799 |
|  | a. SALVADORANS WHO: | 799 |
|  | b. GUATEMALANS WHO: | 800 |
| 3. | NOTICE OF RIGHTS HEREUNDER | 800 |
|  | a. NOTICE BY PUBLICATION | 800 |
|  | b. NOTICE BY MAIL | 800 |
|  |     1. CLASS MEMBERS IN EOIR PROCEEDINGS | 800 |
|  |     2. CLASS MEMBERS WITH CASES PENDING IN FEDERAL COURT | 800 |
|  |     3. CLASS MEMBERS NOT IN PROCEEDINGS | 800 |
|  | c. SALVADORAN CLASS MEMBERS | 800 |
|  |     1. APPLICANTS FOR TEMPORARY PROTECTED STATUS | 800 |
|  |     2. APPLICANTS GRANTED TEMPORARY PROTECTED STATUS WHO DO NOT RE–REGISTER | 801 |
|  |     3. APPLICANTS WHO DO NOT APPLY FOR TEMPORARY PROTECTED STATUS | 801 |
|  | d. CLASS MEMBERS DETAINED UNDER INS AUTHORITY | 801 |
| 4. | CONTENTS OF NOTICES | 801 |
| 5. | FUNDING FOR PUBLIC NOTICE | 801 |
| 6. | TIME TO RESPOND TO MAILED NOTICE | 802 |
| 7. | TIME FOR FILING NEW ASYLUM APPLICATION | 802 |
| 8. | AVAILABILITY OF NOTICES AT INS OFFICES | 802 |
| 9. | FAILURE TO COMPLY WITH NOTICE AND FILING REQUIREMENT | 802 |
| 10. | COMMENCEMENT OF DE NOVO ADJUDICATION | 802 |
| 11. | SCHEDULING OF INTERVIEWS | 803 |
| 12. | LEGAL ASSISTANCE | 803 |
| 13. | CONTINUANCE OF INTERVIEW | 803 |

Page

14. INSTRUCTIONS WITH RESPECT TO REVIEW OF PRIOR APPLICA-
TIONS................................................................... 803
15. PRELIMINARY ASSESSMENT AFTER INTERVIEW ..................... 803
16. ADDITIONAL REVIEW PROCEDURES ................................. 804
17. DETENTION OF CLASS MEMBERS ELIGIBLE FOR RELIEF............. 804
18. EMPLOYMENT AUTHORIZATION ...................................... 804
   a. SCOPE ......................................................... 805
   b. FILING OF A COMPLETE ASYLUM APPLICATION ................. 805
   c. TIMELY ADJUDICATIONS........................................ 805
   d. ELIGIBILITY AND FEES ........................................ 805
   e. WORK AUTHORIZATION AFTER DENIAL ...................... 805
19. STAY OF DEPORTATION AND DEFERRAL OF EXCLUSION AND DE-
PORTATION CASES PENDING NEW ADJUDICATION ................. 805
   a. PENDING ASYLUM OFFICER DETERMINATION..................... 805
      1. ADMINISTRATIVE CLOSING OF CASES PENDING BEFORE
EOIR ..................................................... 805
      2. CASES PENDING BEFORE THE ATTORNEY GENERAL......... 806
      3. CASES PENDING IN THE FEDERAL COURTS .................. 806
      4. CASES NOT STAYED..................................... 806
   b. STAY PENDING JUDICIAL REVIEW ........................... 806
20. RESUMPTION OF CASES IF ASYLUM IS DENIED..................... 806
   a. CASES PENDING BEFORE IMMIGRATION JUDGES ................ 806
   b. CASES PENDING BEFORE THE BIA........................... 807
   c. CASES PENDING IN THE FEDERAL COURTS ..................... 807
21. CLASS MEMBERS WITH FINAL ORDERS.............................. 807
22. COMMENTS OF THE BUREAU OF HUMAN RIGHTS AND HUMANI-
TARIAN AFFAIRS TO THE ASYLUM OFFICER ...................... 807
23. REVIEW OF GLOSSARIES ............................................ 807
24. CENTRALIZED INFORMATION CENTER................................ 807
25. INSTRUCTIONAL MATERIALS ........................................ 807
26. OPPORTUNITY TO ADDRESS TRAINING SESSION TO BE HELD FOR
THE BHRHA ......................................................... 808
27. OPPORTUNITY TO ADDRESS TRAINING SESSION FOR NEW ASY-
LUM OFFICERS ..................................................... 808
28. OPPORTUNITY TO ADDRESS IMMIGRATION JUDGES ................. 808
29. GAO MONITORING .................................................. 808
30. PLAINTIFFS' MONITORING.......................................... 808
31. TOLLING PROVISION................................................ 809
32. REPRESENTATION AND WARRANTY .................................. 809
33. RETENTION OF JURISDICTION ...................................... 809
34. EXERCISE OF JURISDICTION ........................................ 809
35. CLAIMS BY INDIVIDUAL CLASS MEMBERS ........................... 809
36. DISPUTE RESOLUTION .............................................. 810
   a. NOTICE OF CLAIMED VIOLATION ............................ 810
   b. RESPONSE OF ADVERSE PARTY............................... 810
   c. NEGOTIATION ................................................ 810
   d. DEPORTATION ................................................ 810
   e. DETENTION .................................................. 810
37. TERMINATION...................................................... 810
38. DISMISSAL ......................................................... 810
39. RELEASE FROM OBLIGATIONS UNDERTAKEN PURSUANT TO SIGN-
ING OF AGREEMENT BY THE PARTIES ............................ 811
40. REPRESENTATIONS REGARDING AGREEMENT........................ 811
41. PAYMENT OF ATTORNEYS' FEES AND COSTS ....................... 811
42. NOTICES ........................................................... 811

WHEREAS, Plaintiffs, many Salvadoran and Guatemalan citizens in the United States, have filed this action against Defendants, Richard L. Thornburgh, on behalf of the United States Department of Justice, Gene McNary, on behalf of the Immigration and Naturalization Service ("INS"), and James A. Baker, III, on behalf of the United States Department of State, raising, among other issues, systemic challenges to the processing of asylum claims filed by Salvadorans and Guatemalans pursuant to the Refugee Act of 1980 and the regulations promulgated thereunder; and

WHEREAS, the system of asylum processing has been significantly changed by regulations effective October 1, 1990; and

WHEREAS, under the new asylum regulations as well as the old:

foreign policy and border enforcement considerations are not relevant to the determination of whether an applicant for asylum has a well-founded fear of persecution;

the fact that an individual is from a country whose government the United States supports or with which it has favorable relations is not relevant to the determination of whether an applicant for asylum has a well-founded fear of persecution;

whether or not the United States Government agrees with the political or ideological beliefs of the individual is not relevant to the determination of whether an applicant for asylum has a well-founded fear of persecution;

the same standard for determining whether or not an applicant has a well-founded fear of persecution applies to Salvadorans and Guatemalans as applies to all other nationalities; and

WHEREAS, Section 302 of the Immigration Act of 1990, Pub.L. No. 101–649, to be codified at § 244A of the Immigration and Nationality Act, 8 U.S.C. § 1254a, amends the Immigration and Nationality Act to authorize the Attorney General to designate any foreign state (or any part thereof) so as to give Temporary Protected Status to nationals of such state; and

WHEREAS, Section 303 of the Immigration Act of 1990 designates El Salvador under INA Section 244A and thereby entitles Salvadorans who meet the requirements of Section 303 to Temporary Protected Status; and

WHEREAS, Plaintiffs and Defendants believe that it is in their best interests to settle this action by establishing the practices and procedures set forth below;

THEREFORE, Plaintiffs and Defendants enter into and stipulate that this agreement imposes binding obligations on the parties and their successors and that this agreement constitutes a full and complete resolution of the issues raised in this action.

1. AMENDMENT OF CLASS. At or before the time this agreement is submitted to the Court for final approval, the parties will submit a joint motion for recertification of the class to include only:

a. all Salvadorans in the United States as of September 19, 1990; and

b. all Guatemalans in the United States as of October 1, 1990.

Unless the class is so recertified by the Court at the time the agreement is finally approved this agreement shall be of no force and effect.

2. CLASS MEMBERS ELIGIBLE FOR DE NOVO ASYLUM ADJUDICATION. The following class members, if they have not been convicted of an aggravated felony as that term is defined in the Immigration and Nationality Act, as amended, will be afforded a de novo, unappealable asylum adjudication before an Asylum Officer, including a new interview, under the regulations in effect on October 1, 1990:

a. Salvadorans who:

(1) apply for Temporary Protected Status under Section 303 of the Immigration Act of 1990 within the statutory period designated for registration under Section 303(c)(3) of such Act, whether or not such individual actually qualifies for such status; or

(2) indicate to the INS their intent in writing to apply for a de novo asylum adjudication before an Asylum Officer,

or otherwise to receive the benefits of this agreement, within the period of time designated for initial registration under Section 303(c)(3) of the Immigration Act of 1990.

b. Guatemalans who indicate to the INS in writing their intent to apply for a de novo asylum adjudication before an Asylum Officer, or otherwise to receive the benefits of this agreement, within the period of time commencing July 1, 1991 and ending on December 31, 1991.

However, Salvadoran and Guatemalan class members who were interviewed by an Asylum Officer regarding their asylum applications between October 1, 1990 and November 23, 1990, will not be entitled to obtain a new asylum interview or a new initial Asylum Officer adjudication but will be entitled to all other rights and benefits they would otherwise receive under this agreement except for the provisions of paragraph 22 for those BHRHA comments issued prior to the date of preliminary approval. Class members apprehended at time of entry after the date of preliminary approval of this agreement shall not be eligible for the benefits hereunder.

3. NOTICE OF RIGHTS HEREUNDER. Notice of the availability of rights hereunder shall be given to class members in English and Spanish in the following manner.

a. NOTICE BY PUBLICATION. All class members who are entitled to benefits under this agreement will receive notice by publication only, unless a class member is specifically entitled to personal notice either by personal service or by first-class mail under paragraphs b,. c, or d below.

b. NOTICE BY MAIL. ·

(1) CLASS MEMBERS IN EOIR PROCEEDINGS. All class members who had cases pending with EOIR on November 30, 1990, or those pending on certification before the Attorney General, will be mailed a notice by Defendants, via first-class mail, informing them of the opportunity for eligible class members to apply for a de novo asylum adjudication before an Asylum Officer and providing a list, furnished by Plaintiffs by December 31, 1990, and limited to 8 pages, of available legal services. The notice will be mailed to either the class member, or to the current attorney or accredited representative who is listed on the EOIR computer, whichever party is listed with EOIR as being the appropriate party to receive notices. No notice need be mailed to class members whose cases were administratively closed prior to November 30, 1990. Salvadorans shall be mailed this notice by March 31, 1991. Guatemalans shall be mailed this notice on or after July 1, 1991, and no later than September 30, 1991, except as specifically set forth in subparagraph d, below.

(2) CLASS MEMBERS WITH CASES PENDING IN FEDERAL COURT. Class members who have cases pending in federal court (except those cases listed in Exhibit 16) will be mailed a notice by Defendants via first-class mail, informing them of the opportunity for eligible class members to apply for a de novo asylum adjudication before an Asylum Officer. The notice will be mailed to either the class member or to the current attorney of record. Salvadorans shall be mailed such notice prior to March 31, 1991. Guatemalans shall be mailed this notice on or after July 1, 1991, and no later than September 30, 1991, except as specifically set forth in subparagraph d, below.

(3) CLASS MEMBERS NOT IN PROCEEDINGS. No asylum denial or intent to deny asylum will be issued to eligible class members whose District Director asylum interviews were conducted prior to October 1, 1990.

c. SALVADORAN CLASS MEMBERS.

(1) APPLICANTS FOR TEMPORARY PROTECTED STATUS. Salvadoran class members who apply for Temporary Protected Status, shall be provid-

ed with further written notice, in the following time and manner, of eligible class members' right to apply to an Asylum Officer for a de novo asylum adjudication:

(a) Class members who obtain Temporary Protected Status shall be sent a notice by first-class mail no sooner than thirty (30) days before the expiration or termination of such status.

(b) Class members who apply for but are denied Temporary Protected Status shall be served notice by first-class mail or by personal service upon such denial.

In each case, the notice shall advise eligible class members that they must submit any new asylum application within 90 days. If a new application is not submitted, the Asylum Officer adjudication will proceed based on the previously-filed application, if one exists, and any supplements submitted thereafter.

(2) APPLICANTS GRANTED TEMPORARY PROTECTED STATUS WHO DO NOT RE-REGISTER. Salvadoran class members who are granted Temporary Protected Status but whose status is terminated because they do not re-register in the six-month period commencing July 1, 1991, may be sent a notice at any time after January 1, 1992, as set forth in Exhibit 4, advising them that they must return the attached response form within 90 days indicating their intent to proceed with an asylum adjudication before an Asylum Officer. Individuals who return that response form would continue to be entitled to receive the notice specified in Paragraph 3(c)(1) above. A class member who fails to return the response form shall remain eligible for a readjudication if he or she comes to INS and satisfies the reasonable excuse standards set forth in paragraph 13.

(3) APPLICANTS WHO DO NOT APPLY FOR TEMPORARY PROTECTED STATUS. Salvadoran class members who timely apply solely for a de novo asylum adjudication under this agreement shall be served in person or by first class mail, at such time as the government may determine, notice of the right of eligible class members to file a new asylum application within 90 days of the receipt of notice.

d. CLASS MEMBERS DETAINED UNDER INS AUTHORITY. Any class member entitled to notice under this agreement, who is in detention pursuant to INS detention authority, shall receive the notice set forth in Exhibits 1 and 2 promptly by personal service from INS. A class member who is subject to an INS detainer, while in the custody of the Attorney General or any state or local penal official pursuant to a commitment after conviction for a crime, shall not be considered detained under INS authority until he is released from the custody deriving from the conviction. Whenever a detained class member is required to respond to a notice in order to preserve any rights or benefits under this agreement, the INS shall provide the detained class member with all forms and writing materials necessary to exercise rights or benefits under this agreement and a photocopy of the class member's executed response or a receipt of filing.

4. CONTENTS OF NOTICES. Plaintiffs and Defendants agree to use the notices in the form attached hereto as Exhibits 1, 3, 4, 5, 6, and 8A for Salvadorans and Exhibits 2, 7 and 8B for Guatemalans. Along with these notices, the Defendants will also mail Form I-765.

5. FUNDING FOR PUBLIC NOTICE. Defendants will provide to Plaintiffs' Counsel $200,000.00 to fund public notice to be expended generally as set forth in the public notice plan attached as Exhibit 15. Published notice that is funded in whole or in part by the Defendants will not be disseminated unless the parties agree on the content of the publication. The newspaper advertisement will be as set forth in Exhib-

it 15A and 15B. Any additional newspaper announcements or advertisements will be submitted to Defendants and, if no objection is received from Defendants within 10 days time, Plaintiffs may place the advertisement or announcement. If announcements or advertisements will run in newspapers not mentioned in Exhibit 15, the names of those publications shall be submitted to Defendants who will have 10 days to object to the forum. Radio and television announcements or advertisements may be disseminated on any stations licensed by the FCC. The script for any television or radio announcement or advertisement must be submitted to Defendants who will have ten days to object to such script. Defendants agree to exercise their review in good faith and will not object to the content of any publication unless the information is incorrect, misleading or is derogatory toward the government. This agreement does not limit public notice not funded by the Defendants. The funds for the public notice must be provided as follows: $100,000 within 10 days after the court has given preliminary approval to this agreement and $100,000 within 10 days of final approval. Plaintiffs will account for the use of the funds and will return any unused portion. Two accounts will be provided; one by September 1, 1991, and the other by March 1, 1992. Any unused funds will be returned by April 1, 1992.

6. TIME TO RESPOND TO MAILED NOTICE. Guatemalan class members who receive notice by mail will have a 90 day period from the mailing of the notice in which to notify the INS of their desire to avail themselves of the opportunity to appear before an Asylum Officer. Salvadoran class members who receive notice by mail pursuant to paragraph 3(b) and who do not apply for Temporary Protected Status shall have until June 30, 1991 to respond. Proof of mailing the notice via first class mail is a rebuttable presumption of receipt of the notice.

7. TIME FOR FILING NEW ASYLUM APPLICATION. Class members who receive notice by mail or in person and who have 90 days from the mailing of the notice to seek a de novo asylum adjudication before INS are entitled to an additional 90 days to file a new asylum application (I–589). A class member who does not submit a new application will receive a de novo adjudication by the Asylum Officer based on any previously-submitted application. Either application may be supplemented after submission. The Defendants will provide only the initial 90–day notice. For those Guatemalan class members to whom only public notice is directed, the opportunity to seek a de novo asylum adjudication shall remain open until December 31, 1991. Guatemalans who timely indicate their intent may submit any new application for asylum for consideration by an Asylum Officer by no later than March 31, 1992.

8. AVAILABILITY OF NOTICES AT INS OFFICES. The INS agrees to make notices available to class members who walk into INS offices to request information based on the public notice. The information to be provided to walk-ins will be in the form attached hereto as Exhibit 6 for Salvadorans and Exhibit 7 for Guatemalans.

9. FAILURE TO COMPLY WITH NOTICE AND FILING REQUIREMENT. Failure to file a timely response to the mailed or personally served notice or failure to timely file the asylum application if no application is already on file will render class members ineligible for any relief set forth in this settlement agreement. Proof of the mailing will be a rebuttable presumption that the class member received notice.

10. COMMENCEMENT OF DE NOVO ADJUDICATION. The parties agree that, with respect to the class members afforded a de novo adjudication before an Asylum Officer pursuant to this agreement, the Defendants shall hold in abeyance the new adjudications until April 1, 1991, except for detained class members, represented aliens who request an earlier interview and Guatemalans with a final order of deportation who receive mailed notice pursuant to para-

graph 3(b). However, for those class members who receive mailed notice and (1) are Salvadorans who do not register for Temporary Protected Status or the benefits of this agreement by June 30, 1991; or (2) are Guatemalans who do not timely respond by December 31, 1991, or within 90 days of the date of mailing if notice by mail is required, with a request for a de novo adjudication before an Asylum Officer, any relief under this agreement is deemed waived, and proceedings before EOIR or the courts which were either administratively closed or stayed may be resumed at the discretion of the Defendants.

11. SCHEDULING OF INTERVIEWS. The Defendants, consistent with governmental resources, reserve the right to control the scheduling of the interviews for all eligible class members not in detention. Non-detained class members who are provided an employment authorization document will not commence or maintain an action to compel a timely interview arising out of this agreement until July 1, 1994. Eligible class members (other than aliens who may be detained under the standards set forth in paragraph 17 and whose proceedings may be stayed by the provisions of paragraph 19(a)(1)) will not be placed in proceedings nor will proceedings be resumed before the adjudication is completed. However, Salvadorans who were granted Temporary Protected Status and are issued orders to show cause pursuant to section 303(d)(1) of the Immigration Act of 1990 may be placed in deportation proceedings at any time after January 1, 1992. Such proceedings will then be administratively closed until the adjudication process before the Asylum Officer is completed.

12. LEGAL ASSISTANCE. The INS will provide to class members who avail themselves of the interview procedure set forth in this agreement, a list of legal or accredited organizations willing to assist class members. The list shall be furnished by Plaintiffs to Defendants by December 31, 1990, and will not exceed 8 pages. The INS reserves the right to also provide the local free legal services list to class members.

13. CONTINUANCE OF INTERVIEW. Eligible class members will receive written notification of their interview date, including the attachment set forth in Exhibit 9, and will be given one continuance based on the submission of a written request on Form G-56 to reschedule, provided that request is received by INS at least two days before the scheduled interview. All other requests for continuances or reschedulings of interview dates, including those submitted after the interview date, will be granted only if the applicant has a reasonable excuse for not appearing. If the asylum claim has been denied due to a failure to appear at an interview and the applicant provides within a reasonable time such a reasonable excuse, (as illustrated in *Matter of Ruiz*, Int. Dec. 3116 (BIA 1989)), the asylum claim shall be reopened (without need to file a motion to reopen) and the application processed without regard to the failure to appear. Without limiting any other bases for reasonable excuse, a showing by the applicant at any time that he did not receive an interview notice or that it was sent to a prior address after the applicant informed the INS of a change of address shall constitute a reasonable excuse. An unexcused failure to appear for interview will be a ground for recommendation to deny or a denial of asylum.

14. INSTRUCTIONS WITH RESPECT TO REVIEW OF PRIOR APPLICATIONS. Administrative files shall not be reviewed or considered by Asylum Officers except pursuant to the procedures and instructions set forth in Exhibit 10, the terms of which are incorporated herein by reference.

15. PRELIMINARY ASSESSMENT AFTER INTERVIEW. After an eligible class member has been interviewed by an Asylum Officer and before any prior administrative file is reviewed or the application is sent to the BHRHA for comment, the Asylum Officer shall make a preliminary assessment on whether or not the applicant appears to have established a

prime facie case of either past persecution, or a well-founded fear of persecution, based on one of the five statutory grounds which shall be noted on the INS assessment sheet. Any transmittal to the Bureau of Human Rights and Humanitarian Affairs of the State Department (hereinafter "BHRHA") by the INS requesting BHRHA comments on a class member's asylum application shall contain a specific recommendation by the Asylum Officer to grant or deny asylum. The Asylum Officer shall not reserve judgment or otherwise make a "non-committal" recommendation or assessment. If the initial determination is that it appears that either past persecution or a well-founded fear of persecution based on one of the five statutory grounds has been established, the application will not be denied without (1) informing the applicant in writing of the specific facts and reasons for such change, (2) informing the applicant of the right to inspect the record of proceedings, including any non-privileged adverse information, and (3) informing the applicant of the opportunity to submit comments or evidence to rebut the notice of intent to deny.

16. ADDITIONAL REVIEW PROCEDURES. The INS shall implement the following procedures for a period of 30 months, commencing on January 1, 1991. The initial decision will be made by the Asylum Officer who interviews the class member. The case will then be reviewed de novo by a supervisory Asylum Officer. If the initial decision to deny an application was made by an Asylum Officer who prior to October 1, 1990, had interviewed asylum applicants, made preliminary recommendations or adjudicated asylum claims, or if an Asylum Officer's decision to grant asylum is overruled by a supervisor who, prior to October 1, 1990, had interviewed asylum applicants, made preliminary recommendations or adjudicated asylum applications for INS, the case will be reviewed and the final determination made by INS CORAP by a person who had not adjudicated asylum claims before October 1, 1990. That person shall complete the review form set forth in Exhibit 11.

17. DETENTION OF CLASS MEMBERS ELIGIBLE FOR RELIEF. The INS may only detain class members, eligible for relief under paragraph 2, who are otherwise subject to detention under current law and who: (1) have been convicted of a crime involving moral turpitude for which the sentence actually imposed exceeded a term of imprisonment in excess of six months; or (2) pose a national security risk; or (3) pose a threat to public safety. Where an eligible class member would be subject to detention, regardless of whether the class member is actually in detention, defendants may, at their election, provide notice to the eligible class member and process the class member's readjudication application pursuant to the provisions applying to detained class members. However, the government reserves the right to impose a semi-annual reporting requirement upon those class members whom the government determines are likely to abscond. Notwithstanding any other provision of this agreement, any Guatemalan who was in the United States as of October 1, 1990, who has not been convicted of an aggravated felony, who is in detention and could not be detained under the provisions of this paragraph if he were an eligible class member, shall be released upon delivering to INS the response form attached to Exhibit 2, and he or she shall have 180 days from his release to file a new asylum application if one is not on file. The special rules in this paragraph with respect to detention of class members shall not prevent the INS from detaining a class member after the Asylum Officer has issued a final decision. Such detention, if based on a likelihood of absconding, may only be based on events occurring after the Asylum Officer decision has been rendered.

18. EMPLOYMENT AUTHORIZATION. The following special provisions shall apply to requests for work authorization by class members entitled to the benefits of paragraph 2:

a. SCOPE. The employment authorization procedures set forth in this agreement apply only to class members who identify themselves as class members and who seek work authorization under this agreement.

b. FILING OF A COMPLETE ASYLUM APPLICATION. Class members who seek employment authorization must have an asylum application on file or file a completed asylum application and Form I–765. Class members may supplement the asylum application up until the date of the decision by the Asylum Officer.

c. TIMELY ADJUDICATIONS. Class members who request employment authorization on Form I–765 and who do not have such request adjudicated within sixty days of filing, will be entitled to immediate employment authorization.

d. ELIGIBILITY AND FEES. Notwithstanding any other provisions concerning eligibility for employment authorization or the waiver of fees for asylum applicants, eligible class members who apply for employment authorization under this agreement are entitled to employment authorization without regard to the "non-frivolous" standard required under 8 C.F.R. § 208.7(a) and class members may be charged the fee generally applicable to employment authorization applications (currently $35), for the issuance of the employment authorization document (hereinafter "EAD"). Eligible class members who can demonstrate that they fall within the poverty guidelines as set forth in 45 C.F.R. § 1060.2 will not be required to pay the fee. The government agrees that no fee will be imposed to extend the EAD unless a fee for extension is provided for by regulation for asylum applicants generally. Nothing in this agreement shall preclude the INS from assessing fees authorized by the statute for temporary protected status.

e. WORK AUTHORIZATION AFTER DENIAL. Applications for employment authorization and/or extensions thereof, after denial of the asylum application, will be governed by the provisions of the regulations that became effective on October 1, 1990, or as subsequently amended.

19. STAY OF DEPORTATION AND DEFERRAL OF EXCLUSION AND DEPORTATION CASES PENDING NEW ADJUDICATION. Unless an individual class member objects and waives the right to apply hereunder, upon signing of this agreement by the parties, Defendants agree to stay the deportation and, on or before January 31, 1991, (subject to preliminary Court approval of this agreement), to stay or administratively close the EOIR proceedings of any class member (unless they have been convicted of an aggravated felony), whose cases were pending on November 30, 1990, until the class member has had the opportunity to effectuate his or her rights under this agreement. However, any class member whose deportation proceeding is based on a criminal ground of deportability or whose proceeding was commenced after November 30, 1990, will not have his or her case automatically administratively closed on or before January 31, 1991. Rather, that individual may ask the Immigration Court or the BIA to administratively close his or her case and the case will be administratively closed unless the class member has been convicted of an aggravated felony or is subject to detention under paragraph 17.

a. PENDING ASYLUM OFFICER DETERMINATION. While an eligible class member's new asylum adjudication is pending before an Asylum Officer, the following rules shall apply to administrative and judicial proceedings:

(1) ADMINISTRATIVE CLOSING OF CASES PENDING BEFORE EOIR. Proceedings before EOIR will be administratively closed (except for class members detained under the provisions of paragraph 17 whose proceedings

shall be stayed if they request such action) pending an adjudication by an Asylum Officer. The adjudication will proceed even if the case is pending before EOIR. In those cases where an Asylum Officer determines that asylum should be granted, the government will move to terminate proceedings before EOIR so that the officer will have jurisdiction to grant the asylum request. If the Immigration Judge decides not to terminate such proceedings, the INS will stipulate before the Immigration Judge that the class members shall be granted asylum, and, if necessary, join in an appeal from the denial of asylum.

(2) CASES PENDING BEFORE THE ATTORNEY GENERAL. If a class member's case is pending before the Attorney General for review under 8 C.F.R. § 3.1(h) (1990), the review will not be stayed by virtue of this agreement and the class member's asylum claim before the Asylum Officer need not be adjudicated under this agreement until the Attorney General renders his decision.

(3) CASES PENDING IN THE FEDERAL COURTS. Where a case is pending in a federal court, except a case pending on the government's rehearing petition or petition for certiorari, the government, upon final court approval of this agreement, will make a request that the proceeding be stayed pending an adjudication by an Asylum Officer, unless an individual class member objects to a stay in his or her case. The government will move to vacate the final order and to dismiss the federal court proceedings where an Asylum Officer determines that asylum should be granted.

(4) CASES NOT STAYED. For the cases set forth in Exhibit 16 which are not stayed because they are pending on petition for rehearing or certiorari or pending before the Attorney General, the eligible class member shall be deemed to have met all responding and

filing requirements for a de novo asylum adjudication before an Asylum Officer. At the completion of the federal court or Attorney General proceeding, those individuals will be sent a notice informing them of their right to submit a new asylum application to an Asylum Officer unless asylum has otherwise been granted to them.

b. STAY PENDING JUDICIAL REVIEW. Defendants will stay the deportation of class members denied any of the rights or benefits of this agreement (including membership in the class and eligibility to apply) for 30 days from the date of such denial to permit the applicant to pursue an action in federal court, except that persons ordered deported pursuant to 8 U.S.C. § 1251(a)(4)(B) [8 U.S.C. § 1251(a)(2)(A)(iii) as amended by Public Law 101–649] shall not have their deportations stayed by virtue of this agreement.

20. RESUMPTION OF CASES IF ASYLUM IS DENIED. If the asylum application is finally denied under the procedures set forth in this agreement, the following rules will apply to resumption of proceedings:

a. CASES PENDING BEFORE IMMIGRATION JUDGES. Upon notice from INS, the proceedings shall be recalendared. If the asylum hearing had not previously been completed, further testimony and evidence may be presented and the new asylum application may be submitted to the immigration judge for decision and may become part of the record of proceedings. The INS will join in a motion by the class member to make the new asylum application a part of the record. The old application will remain in the record for whatever evidentiary value it might have. In those cases where the asylum hearing has been completed but the immigration judge has not issued a decision, the INS will join in a motion that the immigration judge reopen the proceeding and take addition-

al evidence on any new issues or facts asserted in the asylum application.

b. CASES PENDING BEFORE THE BIA. Upon notice from INS the proceedings shall be resumed. Where the class member seeks a remand to the immigration judge, the INS will stipulate that the evidence presented in support of the motion was not previously available, but reserves the right to oppose the class member's motion to remand on any other basis.

c. CASES PENDING IN THE FEDERAL COURTS. The government will request that the court proceedings be resumed. A class member is not precluded from filing a motion to reopen with EOIR subject to the applicable regulations, but this agreement shall not otherwise expand the class member's rights to reopen in any way.

21. CLASS MEMBERS WITH FINAL ORDERS. Nothing in this agreement shall be construed to afford a right to further deportation or exclusion proceedings for those class members with a final order of deportation or exclusion, with the exception of any stays granted pursuant to paragraph 19.

22. COMMENTS OF THE BUREAU OF HUMAN RIGHTS AND HUMANITARIAN AFFAIRS TO THE ASYLUM OFFICER. Any BHRHA comments to the Asylum Officer for class members will not contain a recommendation to deny asylum without articulation of the reasons for the recommendation. The reasons stated will refer to all facts or considerations by which the recommendation is made. Each BHRHA comment letter issued with respect to a class member will contain a statement that:

This letter is advisory only. It is only one of several sources of information relevant to the applicant's claim. You may also rely on material provided by other credible non-governmental sources and international organizations.

The determination regarding asylum is to be made by the Immigration and Naturalization Service and/or the Executive Office for Immigration Review.

23. REVIEW OF GLOSSARIES. The Department of State has provided for Plaintiffs' review the glossaries or form language being used by BHRHA officers in their advisory opinions on Salvadoran and Guatemalan asylum claims and maintained in the computerized data base of the BHRHA as of October 1, 1990. BHRHA will consider Plaintiffs' comments, which will be provided by February 1, 1991, in making any revisions it deems necessary to those glossaries and form language and will provide copies of the revised glossaries or form language and copies of deleted materials to plaintiffs' counsel by April 1, 1991.

24. CENTRALIZED INFORMATION CENTER. INS shall include in its centralized information center additional materials prepared by groups included on the list attached hereto as Exhibit 12 to the extent supplied by the groups or the plaintiffs. In the event a computer data base is developed such materials will be considered for inclusion if submitted in machine readable form. Until a computerized data base is created and thereafter for materials which may be too voluminous to include in the data base, the INS will distribute supplied copies of the reference materials described herein to each administrative center for Asylum Officers.

25. INSTRUCTIONAL MATERIALS. The Defendants agree to distribute to all Asylum Officers, BHRHA personnel preparing comments on asylum applications, and immigration judges a copy of the training manual entitled "United States Law and INS Refugee/Asylum Adjudications" as revised. The training manual is an attempt to explain the law and procedure of asylum as it has been interpreted by the BIA and the courts to date. It is not intended to create legal rights in any individual. None of the provisions of this manual shall have the force and effect of law. The Defendants reserve the full right to provide additional materials which they

deem appropriate in the light of continuing interpretations of the law by the administrative authorities and the courts. The delivery to BHRHA personnel, EOIR personnel, and Asylum Officers is solely for their information and is not intended to be a binding guide to their decisions in individual cases.

26. OPPORTUNITY TO ADDRESS TRAINING SESSION TO BE HELD FOR THE BHRHA. Plaintiffs' representatives may address BHRHA Asylum Officers for a length of time not less than one-half day at a future training session planned for 1990–91, plus an additional one-half day with those officers responsible for Central America. The scope of the presentation will be asylum law and procedures and country conditions.

27. OPPORTUNITY TO ADDRESS TRAINING SESSION FOR NEW ASYLUM OFFICERS. Plaintiffs' representatives will be given the opportunity to address for a length of time of not less than one day the Asylum Activity Preparation Training Class for Asylum Officers to be held in or about March of 1991 at no expense to the government. The contents of Plaintiffs' designees' remarks will not be restricted by the government and may include special factors believed to be appropriate to adjudicating class members' asylum applications. The Defendants do not intend to either censor or endorse the views Plaintiffs may express in those sessions. However, the Defendants reserve the right to be the final arbiter of the interpretation to be given to case law on asylum.

28. OPPORTUNITY TO ADDRESS IMMIGRATION JUDGES. Plaintiffs' representatives will be given an opportunity to address for a period of time not less than two hours the immigration judges' conference to be held in or about May of 1991 pursuant to such financial arrangement as are generally applicable to other non-governmental speakers. The scope of the presentation will be asylum law and procedures and the terms of this settlement agreement.

29. GAO MONITORING. The parties agree that the GAO will be invited to conduct at least two reviews of the government's asylum program as administered by INS and EOIR under the new regulations, the earliest of which will commence no earlier than May 1, 1992. The Department of Justice is not in a position to commit the GAO to conduct such studies. However, the Department will consult with Plaintiffs and the parties will jointly accept responsibility for raising the matter with the GAO. Plaintiffs believe that the areas set forth in Exhibit 13 are among those appropriate for GAO study. Defendants do not object to Plaintiffs having the same opportunity to comment, prior to publication, on the GAO report as may be afforded to INS, EOIR and other government entities, if GAO is willing to afford Plaintiffs that opportunity.

30. PLAINTIFFS' MONITORING. In addition, Defendants will provide Plaintiffs with the following materials for the period of time indicated:

a. within 30 days from the date of mailing the names, A-numbers, addresses and counsel of record, if any, to the extent such information is contained in the EOIR computer data base, for each class member in EOIR proceedings who is mailed notice pursuant to paragraph 3;

b. within 90 days from the end of the initial registration period the names, A-numbers, addresses and counsel of record, if any, of all class members who apply for Temporary Protected Status to the extent supplied by the registrant at the time of registration;

c. on a quarterly basis, the names, A-numbers, addresses and counsel of record, if any, of all Guatemalans who apply for the benefits of this agreement as well as any Salvadorans who apply solely for the benefits of this agreement and not for Temporary Protected Status to the extent such information is supplied by the applicant to INS;

d. a list of the names and A-numbers of all class members whose EOIR notices are returned to the designated return address on the notice (or a copy of such return notices);

e. a list of the names, A-numbers if available, and counsel of record with addresses, if any, of all cases pending in the federal courts in which a motion to stay proceedings is filed pursuant to the requirements of this agreement;

f. copies of the Department of Justice (including INS and EOIR) and Department of State (including BHRHA) initial written instructions, after preliminary Court approval, if any, and after final Court approval, to their personnel for the implementation of the agreement.

g. on a quarterly basis, a list of all cases by name and A-number sent to CORAP for review pursuant to paragraph 16;

h. pursuant to written authorization of a class member, a copy of the following documents from such class member's A-file: Asylum Officer preliminary assessment and transmittal sheets pursuant to paragraph 15;

The information provided shall be held by Plaintiffs' counsel, subject to the terms of the protective order attached as Exhibit 14, except that it shall be permissible for Plaintiffs' counsel to contact class members for the purpose of imparting information about the terms of this settlement, to facilitate the obtaining of counsel and to inquire as to the compliance of the Defendants with the terms of this agreement.

31. TOLLING PROVISION. With respect to any designation of Guatemala under INA § 244A or other similar executive or legislative temporary suspension of deportation, if any such relief is afforded to any eligible Guatemalan class members in the future, the terms set forth in this settlement agreement regarding the timing for the sending of and responding to notices as described in paragraphs 3 and 4 for Salvadoran Temporary Protected Status applicants shall apply to Guatemalan class members.

32. REPRESENTATION AND WARRANTY. Defendants represent and warrant that they are fully authorized and empowered to enter into this agreement on behalf of the United States Department of Justice, the United States Department of State, the Immigration and Naturalization Service and the Executive Office for Immigration Review and acknowledge that Plaintiffs enter into this agreement based on this representation. The undersigned signing on the behalf of others warrant and declare that they have all the required authorization to execute this agreement and that upon execution of the agreement in their representative capacities, their principals, and successors of such principals, shall be bound hereunder to the full extent authorized by law.

33. RETENTION OF JURISDICTION. The Court will retain jurisdiction through this action over only the following matters:

a. claims by any party hereto that any other party has engaged in a pattern or practice of violation of the terms of Paragraphs 1–42 of this agreement;

b. the express repudiation of any of the terms of Paragraphs 1–42 of this agreement by any party; or

c. claims brought under paragraph 35;

d. resolution of any dispute regarding an award of plaintiffs' attorneys' fees.

34. EXERCISE OF JURISDICTION. In exercising the retained jurisdiction under paragraph 33(a) and (b), the Court shall not act on any matter until the complaining party has initiated the dispute resolution mechanism under paragraph 36, the time for response has expired, and the negotiations have proved fruitless; nor shall the Court modify or expand in any way the undertakings of the parties hereunder without the consent of all parties.

35. CLAIMS BY INDIVIDUAL CLASS MEMBERS. If an individual class member who has sought the benefits or rights of this agreement raises any claim regarding the denial of any such right or benefit

(including a dispute over membership in the class) that is not within the Court's retained jurisdiction under paragraph 33(a) or (b) above, such individual is entitled to seek enforcement of the provisions hereof by initiating a separate proceeding in any federal district court, and the Defendants will not contest the jurisdiction of such court to hear any such claim except for failure of the class member to follow the procedures specified in paragraphs 2, 6, 7 and 18 of this agreement to obtain rights hereunder. If the federal district court nonetheless declines to hear the class member's claims, he shall be entitled to bring such matter before this Court and the Court will retain jurisdiction under this agreement over the class member's claims. The dispute resolution mechanism of paragraph 36 will not apply to claims brought under this paragraph.

36. DISPUTE RESOLUTION. A significant purpose of this settlement agreement is to remove complex litigation from the Court. In order to effectuate this purpose the parties agree to the following dispute resolution mechanism:

a. NOTICE OF CLAIMED VIOLATION. Upon learning of any fact or facts that constitute the basis for asserting that a party has engaged in a pattern or practice of violation of the terms of this agreement or expressly repudiated any of its terms (as provided in paragraph 33(a) and (b)), the party shall notify the other party hereto of that fact or facts and request a report on any action to be taken with respect thereto prior to invoking the enforcement provisions of this agreement.

b. RESPONSE OF ADVERSE PARTY. Except as provided in subparagraph e, within 30 days after receipt of such notice the other party shall notify the first party of the results of its investigation of the facts and any action it has taken or intends to take in connection therewith.

c. NEGOTIATION. Thereafter the parties shall negotiate in good faith in an effort to resolve any disputes remaining after the undertakings set forth sub-paragraphs a and b have been completed.

d. DEPORTATION. In any case where the notice of claimed violation concerns a class member identified by name, other than one convicted of an aggravated felony, who is at risk of imminent deportation, the Defendants shall not deport (or if deported subsequent to Defendants' receipt of notice under subparagraph a, shall offer to return the class member to the United States) such class member during the pendency of the dispute resolution procedure and 30 days thereafter to seek any judicial review.

e. DETENTION. In any case where the notice of claimed violation concerns a class member who asserts that he or she is detained in violation of paragraph 17, the time for response under subparagraph b shall be 7 business days. Nothing in this provision shall limit class members' entitlement to seek judicial relief through habeas corpus to challenge his or her detention.

37. TERMINATION. The obligations assumed by the Defendants hereunder shall terminate 30 months after January 1, 1991, except with respect to any aspect of the settlement relevant to individual cases still pending on that date, including Defendants' obligations under 3(c)(1), or as otherwise specifically provided herein. If Temporary Protected Status is extended, or if the INS chooses not to serve the notice in paragraph 3(c)(1)(b), the termination provision set forth in this paragraph does not apply to the obligations concerning notice to Salvadorans contained in paragraph 3(c).

38. DISMISSAL. Upon final Court approval of this agreement after the fairness hearing, the action shall be dismissed with prejudice, except as to those matters specifically provided for in the retained jurisdiction provision of paragraph 33. The class members covenant that they will not commence as members of a class any systemic challenge (1) of bias against Salvado-

rans or Guatemalans in the adjudication of their asylum claims, (2) to any aspect of the asylum adjudication process before October 1, 1990; or (3) to the asylum process to which they become entitled as the result of this agreement, except for an action claiming a breach of this agreement as it applies to them. If a class member files or joins an action raising claims in violation of the preceding sentence, the class member's claims in such action shall be subject to dismissal as barred by the terms of this agreement. Salvadorans and Guatemalans who are members of this class will not retain any causes of action under *Mendez v. Thornburgh*, No. CV–88–04995 TJH (C.D.Cal.) except for claims related to the privacy and the language interpretation of the asylum interview. Nothing in this agreement shall limit the right, if any, of class members to preserve issues for judicial review in the appeal of an individual case pursuant to 8 U.S.C. § 1105a or for class members to exercise any independent statutory or regulatory rights they may have, without regard to this agreement, under the Immigration and Nationality Act.

39. RELEASE FROM OBLIGATIONS UNDERTAKEN PURSUANT TO SIGNING OF AGREEMENT BY THE PARTIES. Any obligations undertaken pursuant to this agreement upon the signing of the agreement by the parties or upon preliminary court approval shall be null and void in the event that the court does not finally approve this agreement after a fairness hearing.

40. REPRESENTATIONS REGARDING AGREEMENT. Counsel for the parties and each of them on behalf of themselves and their clients represent that they know of nothing in this agreement, or any term thereof, that exceeds the legal authority of the parties or is in violation of any law.

41. PAYMENT OF ATTORNEYS' FEES AND COSTS. Defendants agree to pay Plaintiffs' counsel the sum of $860,-000.00 in full settlement of any and all claims for attorneys' fees, costs and expenses, under the Equal Access to Justice Act or any other provision of law, incurred in this litigation through the date of final court approval of this agreement. Payment of this amount will be made within 120 days after final court approval with interest beginning 30 days after final court approval at the federal civil post judgment rate as provided by 28 U.S.C. § 1961. Any future application for attorneys' fees based on any action to enforce the provisions of this agreement shall be treated as a new action for EAJA purposes and no attorneys' fees for enforcement may be predicated upon any acts of the Defendants or findings of this Court that occurred prior to the final approval of this agreement.

42. NOTICES. Notices required under the provisions for dispute resolution shall be served respectively on the Plaintiffs addressed to:

Marc Van Der Hout, Esq.
Law Offices of Marc Van Der Hout
3689—18th Street
San Francisco, California 94169

Lucas Guttentag, Esq.
American Civil Liberties Union
Immigrants' Rights Project
132 West 43rd Street
New York, NY 10036

and to the Defendants addressed to:

Robert Bombaugh, Esq.
Director
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Paul Virtue, Esq.
Acting General Counsel
Immigration and Naturalization Service
Office of the General Counsel
Room 7048
425 Eye Street, N.W.
Washington, D.C. 20536

The parties' designees for service may be modified by service of a notice advising the other party of a new designee.

Dated: December 14, 1990

Signed:

For Plaintiffs:

(s) Marc Van Der Hout
Marc Van Der Hout
National Lawyers Guild

(s) Lucas Guttentag
Lucas Guttentag
American Civil Liberties Union

(s) Lori A. Schechter
James J. Garrett
Michael L. Zigler
Lori A. Schechter
Darryl L. Hamm
Morrison & Foerster

(s) Ellen Yaroshefsky
Morton Stavis
Frank Deale
Ellen Yaroshefsky
Center for Constitutional Rights
Attorneys for Plaintiffs

For Defendants:

(s) Gene M. Nary
Immigration and Naturalization Service

(s) David L. Milhollan
Executive Office for Immigration Review

(s) [Signature]
United States Department of State

(s) Robert L. Bombaugh
Robert Bombaugh
Office of Immigration Litigation
Attorneys for Defendants

## EXHIBITS TO ABC SETTLEMENT DOCUMENT

| Exhibit No. | Description |
| --- | --- |
| 1 | NOTICE FOR SALVADORANS<br>Implementing paragraphs 3(b)(1); 3(b)(2); 3(b)(3); 3(d) |
| 2 | NOTICE FOR GUATEMALANS<br>Implementing paragraphs 3(b)(1); 3(b)(2); 3(b)(3); 3(d) |
| 3 | NOTICE TO SALVADORANS TPS APPLICANTS IF TPS DENIED AND TO ABC ONLY APPLICANTS<br>Implementing paragraphs 3(c)(1)(a), (c)(3) |
| 4 | NOTICE FOR SALVADORANS WHO FAIL TO RE–REGISTER BEFORE END OF SECOND SIX–MONTH TPS PERIOD<br>Implementing paragraph 3(c)(2) |
| 5 | NOTICE TO SALVADORANS GRANTED TPS WHEN TPS IS OVER<br>Implementing paragraph 3(c)(1)(b) |
| 6 | SALVADORANS INFORMATION PACKET COVER SHEET<br>Implementing paragraph 8 |
| 7 | GUATEMALANS INFORMATION PACKET COVER SHEET<br>Implementing paragraph 8 |
| 8 | POSTED PUBLIC NOTICES FOR SALVADORANS AND GUATEMALANS<br>No. 8A—Salvadorans<br>No. 8B—Guatemalans<br>Implementing paragraph 3(a) |
| 9 | ATTACHMENT TO NOTICE OF ASYLUM INTERVIEW FOR SALVADORANS AND GUATEMALANS<br>Implementing paragraph 13 |
| 10 | INTERVIEW INSTRUCTION SHEET FOR ASYLUM OFFICERS<br>Implementing paragraph 14 |
| 11 | SUPERVISOR/CORAP REVIEW FORM<br>Implementing paragraph 24 |

| Exhibit No. | Description |
|---|---|
| 12 | CENTRALIZED INFORMATION CENTER LIST OF CONTRIBUTORS<br>Implementing paragraph 24 |
| 13 | GAO MONITORING<br>Implementing paragraph 29 |
| 14 | PROTECTIVE ORDER<br>Implementing paragraph 30 |
| 15 | PUBLIC NOTICE PLAN<br>15A—Salvadoran newspaper advertisement<br>15B—Guatemalan newspaper advertisement<br>Implementing paragraph 5 |
| 16 | LIST OF NON–STAYED CASES<br>Implementing paragraph 19(a)(4) |
| 17 | NOTICE OF RESUMPTION OF PROCEEDINGS<br>To be attached to Notices 1 and 2 |
| 18 | CHANGE OF ADDRESS FORM<br>Implementing paragraph 13 |

---

### EXHIBIT 1

### ABC NOTICE FOR SALVADORANS
(Including Detained)

#### NOTICE TO SALVADORANS

**THIS LETTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, your deportation case is being temporarily stopped to permit you to apply for asylum with INS. If you want the proceedings to remain temporarily stopped, **YOU MUST RESPOND TO THIS NOTICE.** If you are in detention or charged with a criminal ground of exclusion or deportation read the special rules below.

**If you do not return the attached response form before June 30, 1991, your deportation proceedings will continue.**

The lawsuit, called "ABC", allows you to submit a new application for asylum to INS. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

If you have never applied for asylum, you can submit an application for the first time. If you applied in the past, you can file a new application. If your old application was denied, you may still file a new application and get a new interview and decision BY INS.

WHO CAN APPLY:

Almost any Salvadoran who

—has been in the United States as of September, 19, 1990, and

—has a fear of persecution if returned to El Salvador

TIME TO APPLY:

—You must apply BEFORE JUNE 30, 1991. **If you do not respond before June 30, 1991, your deportation proceedings will continue.**

HOW TO FILE:

—Fill out all the information on the attached response form

—Make a copy of the response form before you mail it. Be sure to keep a copy.

—MAIL THE FORM IMMEDIATELY.

—Write the INS IMMEDIATELY if your address changes. A form is attached. KEEP A COPY OF THE CHANGE OF ADDRESS

FORM. Send the original to the INS at:

IS THIS THE SAME AS "TEMPORARY PROTECTED STATUS" OR "TPS"?

—No, but the same deadline applies. The ABC lawsuit gives you additional benefits.

—You can apply for ABC benefits even if you are NOT eligible for TPS

DO YOU HAVE TO FILE TWO APPLICATIONS IF YOU WISH TO APPLY FOR BOTH ABC AND TPS?

—No. Applying for TPS is also an application for ABC.

—To apply for ABC Benefits only, fill out the attached response form.

WORK AUTHORIZATION:

If You Apply for TPS:

—Follow the TPS procedures

If You Apply for ABC Only:

—You will receive a work permit if you apply for ABC

and

—File a completed asylum application or have an asylum application on file

and

—Submit the Form I-765 (attached) to the INS

SPECIAL RULES:

A. IF YOU ARE IN DETENTION

1. The INS must give you paper, pen or pencil, envelope, and all the forms you need to answer this notice. INS will insure the filing of the forms.

2. The INS must give you a photocopy of your response form or a receipt to prove that you answered.

3. If you want your deportation case stopped, you must tell the Immigration Judge.

DO NOT RELY ON WHAT DETENTION GUARDS OR OTHER DETAINEES TELL YOU.

B. IF YOU ARE CHARGED WITH A CRIMINAL GROUND OF DEPORTATION OR EXCLUSION

1. If your case is before an immigration judge YOU MUST ATTEND YOUR HEARING. If you want ABC benefits you can ask the immigration judge to close your case.

2. If your case is on appeal to the Board of Immigration Appeals (BIA), and you want ABC benefits, YOU MUST WRITE THE BIA at 5107 Leesburg Pike, Suite 2400, Falls Church, Virginia 22041 and ask them to close your case.

IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER CALL YOUR LAWYER OR 1-800-XXX-XXXX FOR FREE ADVICE.

---

### AMERICAN BAPTIST CHURCHES

#### REGISTRATION FORM
(English and Spanish)

FILL OUT THIS FORM AND MAIL IT TO THE INS IMMEDIATELY. MAKE A COPY AND KEEP IT.

Your Name: _____

A–Number (if you have one): _____

Citizenship: _____

Current Street Address:

_____

_____

I request a new asylum interview and decision by INS.

Signature: _____  Date: _____

#### FILL OUT THIS NOTICE AND MAIL IT TO:

_____

_____

**KEEP A COPY OF THIS FORM**

**REMINDER: IF YOUR ADDRESS CHANGES YOU MUST NOTIFY INS. YOU MAY USE AN ABC CHANGE OF ADDRESS FORM. YOU CAN LOSE YOUR RIGHT TO A NEW ASYLUM INTERVIEW AND DECISION IF YOU DO NOT INFORM INS OF YOUR CHANGE OF ADDRESS.**

---

EXHIBIT 2

ABC NOTICE FOR GUATEMALANS
(Including Detained)

**NOTICE TO GUATEMALANS**

Date: _____

**THIS LETTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1-800-XXX-XXXX.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, your deportation case is being temporarily stopped to permit you to apply for asylum with INS. If you want the proceedings to remain temporarily stopped, **YOU MUST RESPOND TO THIS NOTICE.** If you are in detention or charged with a criminal ground of exclusion or deportation read the special rules below.

**If you do not return the attached response form WITHIN 90 DAYS of the date on this letter your deportation proceedings will continue.**

The lawsuit, called "ABC", allows you to submit a new application for asylum to INS. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

If you have never applied for asylum, you can submit an application for the first time. If you applied in the past, you can file a new application. **If your old application was denied, you may still file a new application and get a new interview and decision by INS.**

WHO CAN APPLY:

Almost any Guatemalan who

—has been in the United States as of October 1, 1990,

and

—has a fear of persecution if returned to Guatemala

TIME TO APPLY:

—You must return the response form WITHIN 90 DAYS OF THE DATE OF THIS LETTER. **If you do not respond WITHIN 90 DAYS of the date on this letter your deportation proceedings will continue.**

—In addition, you must submit an asylum application WITHIN 180 DAYS FROM THE DATE OF THIS NOTICE. **If you have NOT filed an asylum application you MUST file an application. You will lose all your ABC benefits if you do not file an asylum application.** If you have an asylum application on file you are not required to file a new one. But you can file a NEW APPLICATION within 180 days if you want to.

HOW TO FILE:

—Fill out all the information on the attached response form

—Make a copy of the response form before you mail it. Be sure to keep a copy.

—MAIL THE CARD IMMEDIATELY

—Write the INS IMMEDIATELY if your address changes. A form is attached. KEEP A COPY OF YOUR CHANGE OF ADDRESS FORM. Send the original to the INS at:

---

## WORK AUTHORIZATION

—You will receive a work permit if you apply for <u>ABC</u>

and

—file a completed asylum application or have an asylum application on file

and

—submit the Form I–765 (attached) to the INS

### SPECIAL RULES:

### A. IF YOU ARE IN DETENTION

1. If you want to be released, you must fill out the attached response form and give it to INS. If you do not have an asylum application on file, you must file one within 180 days of your release.

2. The INS must give you paper, pen or pencil, envelope, and all the forms you need to answer this notice. INS will insure the filing of the forms.

3. The INS must give you a photocopy of your response form or a receipt to prove that you answered.

4. If you want your deportation case stopped, you must tell the Immigration Judge.

DO NOT RELY ON WHAT DETENTION GUARDS OR OTHER DETAINEES TELL YOU.

### B. IF YOU ARE CHARGED WITH A CRIMINAL GROUND OF DEPORTATION OR EXCLUSION

1. If your case is before an immigration judge <u>YOU MUST ATTEND YOUR HEARING</u>. If you want <u>ABC</u> benefits you can ask the immigration judge to close your case.

2. If your case is on appeal to the Board of Immigration Appeals (BIA), and you want ABC benefits, <u>YOU MUST WRITE THE BIA</u> at 5107 Leesburg Pike, Suite 2400, Falls Church, Virginia 22041 and ask them to close your case.

IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, CALL YOUR LAWYER OR 1–800–XXX–XXXX FOR FREE ADVICE.

EXHIBIT 3

## MAILED NOTICE TO SALVADORANS

### —IF TPS DENIED
### —IF APPLY ONLY FOR <u>ABC</u>

Date: _____

THIS LETTER HAS IMPORTANT IN-FORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED <u>FREE</u> ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.

Your application for Temporary Protected Status has been denied for the reasons stated in the attached letter.

[OR]

You have applied for benefits under the <u>ABC</u> settlement.

Because of a lawsuit, <u>American Baptist Churches v. Thornburgh,</u> your deportation case is being <u>temporarily</u> stopped. If you want the proceedings to remain stopped, **YOU MUST TAKE CERTAIN STEPS.** If you are in detention or charged with criminal grounds of exclusion or deportation read the special rules below.

**If you do not follow these requirements WITHIN 90 DAYS of the date of this letter your deportation case may continue.**

The lawsuit, called "<u>ABC</u>", allows you to receive a new decision on your application for asylum by INS. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

If you have never applied for asylum, <u>YOU MUST SUBMIT AN ASYLUM APPLICATION WITHIN 90 DAYS</u>. If you applied in the past, you can file a new application. <u>If your old application was denied, you still have the right to file a new application and to get a new interview and decision.</u>

WHO CAN APPLY:

Almost any Salvadoran who:

—has been in the United States as of September 19, 1990, and

—has a fear of persecution if returned to El Salvador

WHAT DO YOU HAVE TO DO:

—**You must file an asylum application WITHIN 90 DAYS of the date on this letter if you want to apply for asylum.**

—If you have an asylum application on file you are NOT required to file a new one. But you can file a NEW APPLICATION if you want to.

HOW TO FILE:

—Fill out an I–589 asylum application and file it with the INS before 90 days from the date on this letter.

—Make a copy of the application before you file it and keep the copy.

—Write the INS IMMEDIATELY if your address changes. A form is attached. KEEP A COPY OF YOUR CHANGE OF ADDRESS FORM. Send the original to the INS at:

---

WORK AUTHORIZATION

—You will receive a work permit if you file a completed asylum application or have an asylum application on file and

—submit the Form I–765 (attached) to the INS

**SPECIAL RULES:**

**A. IF YOU ARE IN DETENTION**

1. The INS must give you paper, pen or pencil, an asylum application and all the forms you need to file for asylum or answer this notice. INS will insure the filing of the forms.

2. The INS must give you a photocopy of your application or a receipt to prove that you responded.

DO NOT RELY ON WHAT DETENTION GUARDS OR OTHER DETAINEES TELL YOU

**B. IF YOU ARE CHARGED WITH A CRIMINAL GROUND OF DEPORTATION OR EXCLUSION**

1. If your case is before an immigration judge YOU MUST ATTEND YOUR HEARING. If you want ABC benefits you can ask the immigration judge to close your case.

2. If your case is on appeal to the Board of Immigration Appeals (BIA), and you want ABC benefits, YOU MUST WRITE THE BIA at 5107 Lessburg Pike, Suite 2400, Falls Church, Virginia 22041

**IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

EXHIBIT 4

MAILED NOTICE FOR SALVADORANS WHO FAIL TO RE–REGISTER BEFORE END OF SECOND SIX–MONTH TPS PERIOD

**NOTICE TO SALVADORANS**

Date: _____

**THIS LETTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

YOUR "TEMPORARY PROTECTED STATUS" IS CANCELLED BECAUSE YOU FAILED TO RE–REGISTER AS REQUIRED BY LAW. THEREFORE YOU MAY NOW BE SUBJECT TO DEPORTATION PROCEEDINGS.

BECAUSE OF A LAWSUIT, AMERICAN BAPTIST CHURCHES V. THORNBURGH, YOU CAN SUBMIT A NEW ASYLUM APPLICATION TO THE INS. Asylum is for persons who are afraid to return home because they are afraid of

being persecuted in the future, or because they were persecuted in the past.

If you have never applied for asylum, you can submit an application for the first time. If you applied in the past, you can file a new application. If your old application was denied, you may still file a new application and get a new interview and decision by INS.

IF YOU WANT TO APPLY FOR ASYLUM YOU MUST RETURN THE ATTACHED RESPONSE FORM. **If you do not respond WITHIN 90 DAYS of the date on this letter the INS may pursue a deportation case against you.**

IF YOU WANT TO APPLY FOR ASYLUM UNDER THE SPECIAL ABC BENEFITS YOU MUST RETURN THE RESPONSE FORM WITHIN 90 DAYS.

TIME TO APPLY:

—You must return the attached response form IMMEDIATELY. **If you do not respond within 90 days, the INS may pursue a deportation case against you.**

HOW TO FILE:

—Fill out all the information on the attached response form
—Make a copy of the response form before you mail it. Be sure to keep a copy.
—MAIL THE CARD IMMEDIATELY.
—Write the INS IMMEDIATELY if your address changes. A form is attached. KEEP A COPY OF YOUR CHANGE OF ADDRESS FORM. Send the original to the INS at:

WORK AUTHORIZATION

—You will receive a work permit if you return the response form
and
—file a completed asylum application or have an asylum application on file
and
—submit the Form I–765 (attached) to the INS

IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.

EXHIBIT 5

MAILED NOTICE TO SALVADORANS GRANTED TPS WHEN TPS IS OVER

Date: _____

THIS LETTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.

The federal law giving you Temporary Protected Status "TPS", has ended. You are now [or will be] subject to deportation proceedings.

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and determination. The lawsuit called "ABC" allows you to submit a new application for asylum. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

If you have never applied for asylum, YOU MUST SUBMIT AN ASYLUM APPLICATION WITHIN 90 DAYS OF THE DATE ON THIS LETTER. If you applied in the past, you can file a new application. If your old application was denied, you still have the right to file a new application and to get a new interview and decision.

TIME TO APPLY:

—You must have an asylum application on file WITHIN 90 DAYS OF THE DATE ON THIS LETTER.
—If you have an asylum application on file you are NOT required to file a new one. But you can file a NEW APPLICATION if you want to.

## HOW TO SUBMIT AN ASYLUM APPLICATION:

—Contact your lawyer if you want legal advice.

—If you don't have a lawyer, call 1–800–XXX–XXXX for free advice

## WORK AUTHORIZATION

—You will receive a work permit if you file a completed asylum application for asylum or have an application on file and

—submit the Form I–765 (attached) to the INS

**IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

### EXHIBIT 6

### PUBLIC NOTICE FOR SALVADORANS

(Information Packet Cover Sheet)

**THIS NOTICE HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and determination.

The lawsuit, called "ABC", allows you to submit a new application for asylum. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

THIS IS NOT AN APPLICATION FOR AMNESTY. THERE MAY BE RISKS IN APPLYING.

You must apply for ABC before June 30, 1991. If you apply for "Temporary Protected Status" or "TPS" you will automatically be applying for "ABC". But if you do not apply for TPS, you must make a special application for ABC before June 30, 1991.

## WHO CAN APPLY:

Almost any Salvadoran who

—has been in the United States as of September 19, 1990 and

—has a fear of persecution if returned to El Salvador.

## TIME TO APPLY:

—**You must apply BEFORE JUNE 30, 1991. If you do not apply before this date you will lose your opportunity for a new asylum interview.**

## HOW TO FILE:

—Speak to a lawyer before you apply if you wish legal advice. There may be risks in applying.

—Fill out all the information on the response form in this packet.

—Make a copy of the response form before you mail it.

—If you apply, write the INS IMMEDIATELY if your address changes. A form is included in this packet.

KEEP A COPY OF YOUR CHANGE OF ADDRESS FORM. SEND the original to the INS at:

## WORK AUTHORIZATION:

If You Apply for TPS:

—Follow the TPS procedures

If You Apply for ABC Only:

—You will receive a work permit if you apply for ABC and

—File a completed asylum application or have an asylum application on file and

—Submit the Form I–765 (attached) to the INS

## IF YOU HAVE A DEPORTATION CASE:

—Your deportation case may be stopped during the time of your ABC asylum interview and decision.

**THERE MAY BE RISKS IN APPLYING FOR ABC. IF YOU BELIEVE YOU**

QUALIFY AND WISH FREE ADVICE, CALL AN ORGANIZATION ON THE ENCLOSED LIST OR 1–800–XXX–XXXX.

**THIS PACKET INCLUDES:**
—Asylum Application (I–589, G–325A, Fingerprint Card)
—Response form
—Change of address form
—List of organizations
—Form I–765

EXHIBIT 7

PUBLIC NOTICE FOR GUATEMALANS

Information Packet Cover Sheet

**THIS NOTICE HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY. SHOW IT TO YOUR LAWYER. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and determination.

The lawsuit, called "ABC", allows you to submit a new application for asylum. Asylum is for eligible persons who are afraid to return home because they are afraid of being persecuted in the future, or because they were persecuted in the past.

THIS IS NOT AN APPLICATION FOR AMNESTY. THERE MAY BE RISKS IN APPLYING.

You must return the attached response form before December 31, 1991. If you do not, you will not receive a new asylum interview.

WHO CAN APPLY:
Almost any Guatemalan who:
—has been the United States as of October 1, 1990
and
—has a fear of persecution if returned to Guatemala.

TIME TO APPLY:
—You must apply BEFORE DECEMBER 31, 1991.
—If you have not filed an asylum application or want to submit a new one, you must do so **BEFORE MARCH 31, 1992.**

HOW TO FILE:
—Speak to a lawyer before you apply if you want legal advice. There may be risks in applying.
—Fill out all the information on the response form in this packet.
—Make a copy of the response form before you mail it
—If you apply, write the INS IMMEDIATELY if your address changes. A form is included in this packet. KEEP A COPY OF YOUR CHANGE OF ADDRESS FORM. Send the original to the INS at:

_____

WORK AUTHORIZATION:
—You will receive a work permit if you apply for ABC
and
—file a completed asylum application or have an asylum application on file
and
—submit the Form I–765 (attached) to the INS

IF YOU HAVE A DEPORTATION CASE:
—Your deportation case will be stopped during the time of your ABC asylum interview and decision.

**THERE MAY BE RISKS IN APPLYING FOR ABC. IF YOU HAVE QUESTIONS OR NEED FREE ADVICE, CALL AN ORGANIZATION LISTED ON THE ENCLOSED LIST, OR 1–800–XXX–XXXX.**

**THIS PACKET INCLUDES:**
—Asylum Application (I–589, G–325A, Fingerprint Card)
—Response form
—Change of address form
—List of organizations
—Form I–765

EXHIBIT 8A

## PUBLIC NOTICE FOR SALVADORANS TO BE POSTED IN INS OFFICES

ATTENTION: SALVADORANS WHO HAVE BEEN IN THE UNITED STATES AS OF SEPTEMBER 19, 1990

**THIS POSTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.  READ IT CAREFULLY.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and decision.

THIS APPLICATION IS NOT AN "AMNESTY" APPLICATION AND THERE MAY BE RISKS IN APPLYING.  IF YOU BELIEVE YOU QUALIFY AND WISH ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX FOR FREE ADVICE.

WHO CAN APPLY:

Almost any Salvadoran who:
—has been in the United States as of September 19, 1990,
and
—has a fear of persecution if returned to El Salvador.

TIME TO APPLY:
—Speak to a lawyer if you want legal advice.
—You must apply BEFORE JUNE 30, 1991.
—If you do not apply before June 30, 1991 you will not receive a new asylum interview.

WORK AUTHORIZATION:
If You Apply for TPS:
—Follow the TPS procedures
If You Apply for ABC Only:
—You will receive a work permit if you apply for ABC
and
—File a completed asylum application or have an asylum application on file
and
—Submit the Form I–765 to the INS

IS THIS THE SAME AS "TEMPORARY PROTECTED STATUS" OR "TPS":
—No, but the same deadline applies. The ABC lawsuit gives you additional benefits.
—If you apply for TPS you are automatically applying for ABC.
—You can apply for benefits under ABC even if you do not apply for "TPS."

IF YOU HAVE A DEPORTATION CASE:
—Your deportation case will be stopped during the time of TPS and of your ABC asylum interview and decision.

**THERE MAY BE RISKS IN APPLYING FOR ABC.  YOU MAY PICK UP AN INFORMATION PACKET FOR ABC AT THE INS OFFICE.  IF YOU BELIEVE YOU QUALIFY AND WISH LEGAL ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX FOR FREE ADVICE.**

EXHIBIT 8B

## PUBLIC NOTICE FOR GUATEMALANS TO BE POSTED IN INS OFFICES

ATTENTION: GUATEMALANS WHO HAVE BEEN IN THE UNITED STATES AS OF OCTOBER 1, 1990

**THIS POSTER HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.  READ IT CAREFULLY.**

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and decision.

THIS APPLICATION IS NOT AN "AMNESTY" APPLICATION AND THERE MAY BE RISKS IN APPLYING.  IF YOU

BELIEVE YOU QUALIFY AND WISH ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX FOR FREE ADVICE.

## WHO CAN APPLY:

Almost any Guatemalan who:

—has been in the United States as of October 1, 1990

and

—has a fear of persecution if returned to Guatemala

## TIME TO APPLY:

—Speak to a lawyer before you apply if you wish legal advice.

—You must apply BEFORE December 31, 1991.

**IF YOU DO NOT APPLY BEFORE DECEMBER 31, 1991, YOU WILL NOT RECEIVE A NEW ASYLUM INTERVIEW.**

—If you have not submitted an asylum application, you must do so BEFORE March 31, 1992.

## WORK AUTHORIZATION:

—You will receive a work permit if you apply for ABC

and

—file a completed asylum application or have an asylum application on file

and

—submit the Form I–765 to the INS

## IF YOU HAVE A DEPORTATION CASE:

—Your deportation case will be stopped during the time of your ABC asylum interview and decision.

**THERE MAY BE RISKS IN APPLYING FOR ABC. YOU MAY PICK UP AN INFORMATION PACKET FOR ABC AT THE INS OFFICE. IF YOU BELIEVE YOU QUALIFY AND WISH ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX FOR FREE ADVICE.**

## EXHIBIT 9

## ATTACHMENT TO NOTICE OF INTERVIEW:

## SALVADORANS AND GUATEMALANS

You have an appointment for an interview with an Asylum Officer of the Immigration & Naturalization Service.

You can bring the following to your interview:

1) More documents about the basis of your asylum claim.

2) Your lawyer may come with you to your interview.

## IMPORTANT REMINDER:

**You must come to the interview. If you cannot come, INS must receive the attached G–56 AT LEAST 2 DAYS before the interview saying why you can't come to the interview.** If you do not come to the interview, the Immigration and Naturalization Service can deny your case.

YOU MUST APPEAR FOR YOUR INTERVIEW: YOU MUST COME TO YOUR ASYLUM INTERVIEW OR INFORM THE INS TWO DAYS IN ADVANCE IF YOU CANNOT COME.

## EXHIBIT 10

## INTERVIEW INSTRUCTION SHEET FOR ASYLUM OFFICERS

This memorandum sets forth the procedures that must be followed in all interviews and adjudications of Salvadoran and Guatemalan asylum applications governed by the settlement of American Baptist Churches et al. v. Thornburgh et al., Civ. No. C–85–3255–RFP. The complete details of the settlement are set forth in the Settlement Agreement.

The purpose of the interviews of ABC class members is to provide these asylum applicants with an opportunity to fully present their claims for asylum without regard to any prior decision regarding their claim. The fact that an applicant's claim may have been denied previously is not relevant to your present determination and such previous denial does not indicate in

any way that the present claim is not meritorious. A previous denial may have occurred for a number of reasons, such as the applicant did not present his or her claim fully, did not understand the asylum process, was not represented by counsel, or because the asylum adjudicator applied an incorrect burden of proof or legal standard.

Therefore:

(1) You are to treat all interviews as new applications. You are required to make a preliminary assessment of the case based solely on the new application, if any, and all new supporting documentation and evidence submitted by the applicant. You must do this before you look at any previous documents in the applicant's file.

(2) Your preliminary assessment must state whether asylum should be granted or denied, based solely on your evaluation and interview. The preliminary assessment must be written on the attached "Assessment Sheet" before you look at any documents in the applicant's A-file. If your preliminary assessment is that the applicant is not eligible for asylum, you must state the specific reasons for your evaluation on the preliminary assessment form before you review the A-file. If the applicant is proceeding on a previously filed I–589 you may review the previous I–589 and supporting documents for your preliminary assessment, but not other documents in the A-file.

(3) After completing the preliminary assessment, you may review the applicant's A-file. Sworn statements made by the applicant on the an earlier I–589 may be considered for purposes of credibility determinations, but the applicant must be given the opportunity to explain any material contradictions or inconsistencies between his or her prior written sworn statements and those made on his or her new application or during the re-interview. You are to give the applicant every opportunity to provide a reasonable explanation for any inconsistencies.

(4) Statements reflected on prior interview notes present a special problem. While they may reflect the prior interviewer's summary of the applicant's sworn statements, they may not be accurate and may be mixed with the prior interviewer's opinions and evaluations. Therefore, the interview notes are not to be treated as the applicant's sworn statements, but information from the interview notes may be used to develop lines of inquiry for the re-interview. Again, you are to give the applicant every opportunity to provide a reasonable explanation for any inconsistencies and fill out a second Assessment Sheet as described above if you change your preliminary assessment.

(5) This adjudication is a de-novo determination. You may not consider the fact that the prior decisions of the INS, immigration court or recommendation of BHRHA were to deny the application.

(6) If your decision about the case changes after the preliminary assessment, you must set forth in writing the specific facts and reasons for any change on a second assessment sheet, and in the Notice of Intent to Deny. If, for example, the change is based on information in the A-file, you must state specific facts in the A-file that caused the change.

(7) Every application sent to BHRHA must set forth your recommendation to grant or deny the application. A "non-committal" recommendation is not permitted.

(8) After you receive the BHRHA opinion or an indication of no comment, inform the applicant in writing of your decision, and give the applicant 30 days to rebut the facts and reasons for your decision if it is a denial.

If you have any questions regarding any of these procedures, you must consult with your supervisor or seek further instruction from CORAP.

The above guidelines are mandatory.

■■■■■■■■

■■■■■■

## EXHIBIT 11
### SUPERVISOR/CORAP REVIEW FORM AFTER DECISION BY ASYLUM OFFICER

Date:

Applicant's Name:

Applicant's A#:

Asylum Officer's Name:

Asylum Officer's Recommendation: (Grant or Deny)

Name of A.O.'s Supervisor:

Supervisor's Recommendation:

CORAP's Decision:

---

## EXHIBIT 12
### ORGANIZATIONS TO PROVIDE RESOURCES TO CENTRALIZED INFORMATION SYSTEM AT NO COST TO THE GOVERNMENT

Amnesty International

Lawyers Committee for Human Rights

Human Rights Watch

United Nations Commission for Human Rights

Central America Resource Center

Commission for the Defense of Human Rights in Central America (CODEHUCA)

Non–Governmental Human Rights Commission of El Salvador (CDHES)

University of Central America

Human Rights Institute

Socorro Juridico Cristiano

Committee for Peace and Justice in Guatemala

Non–Governmental Human Rights Commission of Guatemala (CDHG)

El Rescate Human Rights Department

This exhibit does not represent an endorsement by the Defendants of any of the groups listed herein.

---

## EXHIBIT 13
### GAO MONITORING

Matters proposed by plaintiffs for GAO study:

1. Comparison of INS Asylum Officer asylum adjudications by region (the seven asylum offices) including, but not limited to, INS grant/denial rates;

2. Comparison of asylum adjudications and grant/denial rates by Asylum Officers without prior INS asylum adjudication, to adjudications by Asylum Officers having such prior experience;

3. Comparison of the initial recommendation made by the Asylum Officer to the final Asylum Officer determination after receipt of any BHRHA comments, and an analysis to the effect of BHRHA comments on decisions by Asylum Officers and Immigration Judges;

4. Comparison of the grant/denial rates by Asylum Officers, Immigration Judges and the BIA according to the nationality of the applicant with particular reference to Salvadoran and Guatemalans compared to other nationalities.

EXHIBIT 14
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AMERICAN BAPTIST CHURCHES, et al., )
    Plaintiffs, )      No. C–85–3255–RFP
)
v. )      PROTECTIVE ORDER
)
RICHARD L. THORNBURGH, et al., )
)
Defendants. )

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their counsel of record, and subject to the approval of this Court as set forth below, as follows:

1. For purposes of the Privacy Act and in order to protect the identity and confidentiality of individual asylum applicants, pursuant to 8 C.F.R. § 208.6, and pursuant to the confidentiality provisions contained in section 244A(c)(6) of the Immigration Act of 1990, plaintiffs and defendants stipulate and agree to the following protective order with regard to the documents produced pursuant to paragraph 30, except subparagraph (f), of the Agreement settling this action.

    a. None of the documents shall be disclosed to anyone other than (i) the attorneys employed by the counsel of record and their staffs; (ii) outside experts or consultants retained by counsel of record for purposes of this action, including their secretarial or clerical personnel, provided that the outside experts and consultants have first read this Protective Order and agreed to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; (iii) the Court in proceedings herein, as provided in paragraph (c) below; and (iv) other persons upon whom the parties may mutually agree in writing.

    b. Plaintiffs and their attorneys will not use any of the information produced identifying individual class members directly or indirectly, for any purpose other than for litigation related only to any necessary enforcement proceedings or efforts of the instant case, or to assist class members to secure their rights under the agreement settling this action.

    c. If plaintiffs and their attorneys deem it necessary to submit any information from the documents to the Court, the information shall be filed under seal or otherwise safeguarded in any manner in which the parties mutually agree in writing.

2. This protective order does not apply to any information contained in the documents which is now, or later may be, a matter of public record, or which is utilized with the consent of the class member to whom the document refers.

3. Nothing in this order shall in any way limit plaintiffs' counsel from using information contained in documents provided by defendants to contact class members or carrying out other tasks as set forth in paragraph 30 of the settlement agreement.

4. Within 30 days of the signing of the settlement agreement, and as supplemented thereafter, plaintiffs shall provide to defendants a list of all persons, except counsel of record, who will have access to the documents provided by defendants. These persons (with the exception of counsel of record) shall be bound by the protective order and complete the attached declaration of confidentiality. A copy of each declaration shall be submitted to the defendants.

Dated: December \_\_\_\_, 1990    JAMES J. GARRETT
    MICHAEL ZIGLER
    LORI A. SCHECHTER
    DARRYL L. HAMM
    MORRISON & FOERSTER

    MORTON STAVIS
    FRANK E. DEALE
    ELLEN YAROSHEFSKY
    CENTER FOR CONSTITUTIONAL RIGHTS

    MARC VAN DER HOUT
    NATIONAL LAWYERS GUILD

826

LUCAS GUTTENTAG
AMERICAN CIVIL LIBERTIES UNION

By _____

Attorneys for Plaintiffs

Dated: December ____, 1990

ROBERT BOMBAUGH
FRANCESCO ISGRO
LISA DORNELL
OFFICE OF IMMIGRATION LITIGATION

UNITED STATES DEPARTMENT OF JUSTICE

By _____

MARY BETH UITTI
Assistant U.S. Attorney

Attorneys for Defendant

APPROVED AND SO ORDERED

_____

JUDGE, U.S. District Court

Dated: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AMERICAN BAPTIST CHURCHES, et al. )
                               ) No. C–85–3255–RFP
    Plaintiffs,            )
                               ) DECLARATION RE
         v.             ) PROTECTIVE ORDER
                               ) FOR CONFIDENTIALITY
RICHARD THORNBURGH, et al.,    )
                               )
    Defendants.          )
                               )

I, _____, being duly sworn, state:

1. I am [CONSULTANT, EXPERT, STAFF, ETC] retained by _____ to assist in proceedings related to the enforcement of the stipulated settlement agreement in this case.

2. I have read the Stipulation and Protective Order Re Confidentiality dated _____ and I agree to abide by and be bound by its terms, specifically including the provision of paragraph 2(a).

3. I acknowledge receipt of a copy of the Stipulation and Protective Order re Confidentiality.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____ this ____ day of _____, 1990.

Print Name: _____

Address: _____

Telephone: _____

EXHIBIT 15

PUBLIC NOTICE PLAN

The following budget is to provide outreach services to inform the refugee population of the settlement agreement reached in American Baptist Churches, et al. v. Thornburgh,

et al. (ABC) and to explain the interrelationship between ABC relief and Temporary Protected Status. The outreach will be conducted on a national level.

The proposed outreach campaign will focus on eight locations: New York; Washington; Miami; Houston; Dallas; Chicago; San Francisco; and Los Angeles. The electronic media campaign will consist of television and radio spots, public service announcements talk shows and press conferences. Radio and television time will be purchased to ensure extensive coverage. In addition, public service announcements and other free media coverage will supplement the purchased spots. The costs specified below are estimates and the exact amount spent in each city may vary depending on need, oversight and distribution costs and changed information which may affect decisions regarding where and how to allocate the funds.

The printed material will include flyers, brochures and posters to provide refugees with information regarding their potential eligibility to file for asylum. Since many class members live outside the eight targeted areas, these printed materials will be used extensively in communities where the smaller concentration of class members would make media buys inefficient.

## BUDGET
### National Production Costs

| | |
|---|---|
| Production costs for six 30 second radio spots, for two 30 second videos, and for ad mock-ups. | $ 30,000 |
| Development and production of posters | 3,000 |
| Printing and distribution of posters | 10,000 |
| Printing and and distribution of leaflets [1] | 14,000 |
| **Total National** | **$ 57,000** |

### Targeted Areas
### Metropolitan D.C. Area

Newspapers
| | |
|---|---|
| El Pregonero and El Latino ($250–900 for half page) | $ 2,000 |

Radio
| | |
|---|---|
| WILC (Radio Mundo), WMDO (Radio Borinquen), and WMET (Radio Metro) @ $25 per 30 second spot | 3,000 |

TV
| | |
|---|---|
| Channel 48 WWAW ($50–100 per minute) | 4,500 |
| Leaflets and posters | 5,500 |
| Washington, D.C. Total | $ 15,000 |

### Los Angeles Metropolitan Area

Newspapers
| | |
|---|---|
| La Opinion and Noticias de Mundo | $ 1,500 |

Radio
| | |
|---|---|
| KWKW, KALI, KSKQ and KTNQ ($60–100 per 60 second spot) | 27,000 |

TV
| | |
|---|---|
| KVEA and KMEX ($200–2000 per spot) | 24,000 |
| Leaflets and posters | 20,000 |
| Los Angeles Total | $ 72,500 |

### San Francisco Bay Area

Newspapers
| | |
|---|---|
| La Oferta, El Mensajero, and El Mundo Latino ($250–750) | $ 800 |

Radio
| | |
|---|---|
| KIQI ($25–75 per spot) | 4,500 |

TV
| | |
|---|---|
| Ch 14. and Ch 48. ($50–150 per spot) | 5,000 |
| Leaflets and posters | 5,200 |
| San Francisco Total | $ 15,500 |

1. These posters and leaflets will be distributed in cities such as Phoenix, Seattle, Boston, and other communities where significant numbers of class members reside.

**New York Metropolitan Area**

Newspapers
Nosotros Vos and La Tribuna ($300–500 half page)                              $  1,500

Radio
WADO and WKDM ($72–88 per spot)                                                   5,000

TV
WNJU Ch. 47 and WXTV Ch. 41 ($200–2000 per spot)                                 1,500

Leaflets and posters
New York Total

**Chicago**

Newspapers
La Raza and Impacato ($300–600 half page)                                     $    800

Radio
WOJO–Radio Ambiente and WIND–La Tremenda ($80–100 per 30 second spot)            1,500

Chicago Total                                                                 $  2,300

**Miami**

Newspapers, Radio, and TV to be identified                                    $    750

Posters and leaflets                                                              1,250

Miami Total                                                                   $  2,000

**Houston**

Newspapers
La Voz and El Sol ($750–1,000 for half page)                                      2,000

Radio
KXYZ Radio trece ($80 per spot)                                               $  3,000

TV
KTMD Ch. 45 and KXLN Ch. 48 ($325–350 per spot)                                  2,500

Posters and leaflets                                                                500

Houston Total                                                                 $  8,000

**Dallas Metropolitan Area**

Newspapers
Sol de Tejas, El Extra El Hispano                                             $  2,000

Radio
KESS, KFJZ (La Pantera) and KSSA (Variedades) (400–700 half page)                3,000

TV                                                                                1,000

Posters and leaflets                                                                700

Dallas Total                                                                  $  6,700

Administrative costs                                                          $ 10,000

**TOTAL COSTS**                                                               **$200,000**

---

EXHIBIT 15A

PUBLIC NOTICE PLAN NEWSPAPER AD FOR SALVADORANS

**TO: All Salvadorans who have been in the United States as of September 19, 1990:**

THIS AD HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY.

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and decision.

THIS APPLICATION IS NOT AN "AMNESTY" APPLICATION AND THERE MAY BE RISKS IN APPLYING. IF YOU BELIEVE YOU QUALIFY AND WISH ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX for FREE ADVICE.

You must apply for ABC before June 30, 1991.

### WHO CAN APPLY:

Almost any Salvadoran who

—has been in the United States as of September 19, 1990

and

—who has a fear of persecution if returned to El Salvador.

### HOW TO APPLY:

—Speak to a lawyer BEFORE you apply if you wish legal advice.

—If you apply for Temporary Protected Status (TPS) you will automatically register for ABC benefits.

—If you do not apply for TPS, obtain the necessary information from a local voluntary agency or get the forms from INS to register for ABC.

### TIME TO APPLY:

—If you do not apply before June 30, 1991, you will not receive a new asylum interview under ABC.

### WORK AUTHORIZATION:

If You Apply For TPS:

—Follow the TPS procedures

If You Apply for ABC Only:

—You will receive a work permit if you apply for ABC

and

—file a completed asylum application or have an asylum application on file

and

—submit the Form I–765 to the INS

### IS THIS THE SAME AS "TEMPORARY PROTECTED STATUS" OR "TPS":

—No, but it has the same application deadline. The ABC lawsuit gives you additional benefits.

—If you apply for TPS, you are automatically applying for ABC.

—You can apply for benefits under ABC even if you do not apply for "TPS."

### IF YOU HAVE A DEPORTATION CASE:

—Your deportation case will be stopped during the time of your ABC asylum interview and decision.

THERE MAY BE RISKS IN APPLYING FOR ABC. IF YOU BELIEVE YOU QUALIFY AND YOU WISH ADVICE CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX for FREE ADVICE.

EXHIBIT 15B

PUBLIC NOTICE PLAN

NEWSPAPER AD FOR GUATEMALANS

**TO: All Guatemalans who have been in the United States as of October 1, 1990:**

THIS AD HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. READ IT CAREFULLY.

Because of a lawsuit, American Baptist Churches v. Thornburgh, you can receive a new asylum interview and decision.

THIS APPLICATION IS NOT AN "AMNESTY" APPLICATION AND THERE MAY BE RISKS IN APPLYING. IF YOU BELIEVE YOU QUALIFY AND YOU WISH ADVICE, CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX for FREE ADVICE.

You must apply before December 31, 1991.

### WHO CAN APPLY:

Almost any Guatemalan who

—has been in the United States as of October 1, 1990

and

—has a fear of persecution if returned to Guatemala.

### HOW TO APPLY:

—Speak to a lawyer BEFORE you apply if you wish legal advice.

—Go to a local voluntary agency for information or to INS to obtain the necessary forms.

—Return the forms to INS before December 31, 1991.

### TIME TO APPLY:

—If you do not apply before December 31, 1991, you will not receive a new asylum interview.

WORK AUTHORIZATION:
—You will receive a work permit if you apply for ABC
and
—file a completed asylum application or have an asylum application on file
and
—submit the Form I–765 to the INS

IF YOU HAVE A DEPORTATION CASE:
—Your deportation case will be stopped during the time of your ABC asylum interview and decision.

**THERE MAY BE RISKS IN APPLYING FOR ABC. IF YOU BELIEVE YOU QUALIFY AND YOU WISH ADVICE CONTACT YOUR LAWYER OR CALL 1–800–XXX–XXXX for FREE ADVICE.**

## EXHIBIT 16

### LIST OF CASES NOT STAYED

The following cases will not be stayed pursuant to paragraph 19 of the Stipulated Settlement Agreement. Upon notice to Plaintiffs, the alien, and the alien's counsel if any, the Defendants reserve the right to add cases to this list if the Defendants seek rehearing or certiorari of any cases currently pending in the federal courts.

FEDERAL COURT CASES:
Zacarias v. INS, No. 88–7507 (9th Cir.)
Canas–Segovia v. INS, No. 88–7444 (9th Cir.)
Aguilera–Cota v. INS, No. 88–7389 (9th Cir.)
Ramirez–Rivas v. INS, No. 88–7463 (9th Cir.)
CASES BEFORE THE ATTORNEY GENERAL:
Matter of Pleitez, A24 868 156 (BIA July 20, 1990)
Matter of Aguilar, A29 949 349 (BIA July 20, 1990)

## EXHIBIT 17

### NOTICE OF RESUMPTION OF PROCEEDINGS

To be attached to Notices 1 and 2 and mailed only pursuant to paragraph 3(b)(1)

THE FOLLOWING APPLIES ONLY AFTER YOU HAVE RECEIVED A NEW ASYLUM DECISION BY THE INS UNDER THE ABC SETTLEMENT. THIS SHEET HAS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. YOU SHOULD KEEP THIS PAPER AND SHOW IT TO YOUR LAWYER.

Under the ABC settlement, certain rules apply if you receive a new asylum interview and determination under this agreement. If the decision is negative, the settlement allows the INS to resume previously pending deportation proceedings under the following procedures. THESE PROVISIONS DO NOT APPLY UNTIL DE NOVO ASYLUM ADJUDICATION PROVIDED PURSUANT TO AMERICAN BAPTIST CHURCHES v. THORNBURGH HAS BEEN COMPLETED.

A. CASES PENDING BEFORE IMMIGRATION JUDGES. Upon notice from INS the proceedings shall be recalendared. If the asylum hearing had not previously been completed, further testimony and evidence may be presented and the new asylum application may be submitted to the immigration judge for decision and may become part of the record of proceedings, and the INS agrees to join in a motion by the class member to make the new asylum application a part of the record. The old application will remain in the record for whatever evidentiary value it might have. In those cases where the asylum hearing has been completed but the immigration judge has not issued a decision, the INS will join in a motion that the immigration judge reopen the proceeding and take additional evidence on any new issues or facts asserted in the asylum application.

B. CASES PENDING BEFORE THE BIA. Upon notice from INS the proceedings shall be resumed. Where the BIA has jurisdiction over the asylum claim and the class member seeks a remand to the immigration judge, the INS will stipulate that the evidence presented in support of the motion was not previously available, but reserves the right to oppose the class member's motion to remand the case to the immigration judge on any other basis.

C. CASES PENDING IN THE FEDERAL COURTS. The government will request that the court proceedings be resumed. A class member is not precluded from filing a motion to reopen with EOIR subject to the applicable regulations, but

this agreement shall not otherwise expand the class member's rights to reopen in any way.

**BE SURE TO CONTACT YOUR LAWYER IF YOU HAVE ANY QUESTIONS ABOUT YOUR LEGAL RIGHTS.**

EXHIBIT 18

## AMERICAN BAPTIST CHURCHES

### CHANGE OF ADDRESS FORM

(English and Spanish)

I have applied for TPS or *American Baptist Churches* and have a different address from the address on my registration application. My new address is:

Name: _____

A–Number (if you have one): _____

NEW Street Address:

_____

_____

Signature: _____    Date: _____

**FILL OUT THIS FORM AND RETURN IT TO:**

_____

_____

**KEEP A COPY OF THIS FORM**

**REMINDER: IF YOUR ADDRESS CHANGES AGAIN YOU MUST INFORM INS AT THE ABOVE ADDRESS. YOU MAY USE AN ABC CHANGE OF ADDRESS FORM. YOU CAN LOSE YOUR RIGHT TO A NEW ASYLUM INTERVIEW AND DECISION IF YOU DO NOT INFORM INS OF YOUR CHANGE OF ADDRESS.**