**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2554

JOSUÉ URIZAR,

Petitioner,

v.

ALBERTO GONZÁLES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

John P. Garan, on brief for petitioner.
James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, and Linda S. Wernery, Assistant Director, on brief for respondent.

September 13, 2007

**Per Curiam**.  Immigration and Customs Enforcement ("ICE") served petitioner Josué Urizar, a Guatemalan national, with a notice to appear on July 31, 2001.  Urizar then filed applications for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, § 203, 111 Stat. 2160, 2196-99 (1997) ("NACARA"), asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  On May 23, 2005, an immigration judge ("IJ") rejected Urizar's applications and, in addition, denied Urizar's request for voluntary departure.  Urizar appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without further opinion.  Urizar now petitions for review of the BIA's denial of his appeal.  After careful consideration, we deny the petition.

## Discussion

Ordinarily, we review the BIA's opinion; however, when the BIA summarily affirms a decision by an IJ, we review the IJ's decision as if it were the decision of the BIA.  Jean v. Gonzáles, 461 F.3d 87, 89 (1st Cir. 2006).  An IJ's findings of fact, including his credibility determinations, will be affirmed if they are supported by substantial evidence.  See Mewengkang v. Gonzáles, 486 F.3d 737, 740 (1st Cir. 2007).  Legal conclusions are reviewed de novo, but with appropriate deference to BIA interpretations of the Immigration and Nationality Act.  Id.

-2-

Urizar first argues that the IJ lacked jurisdiction to adjudicate his asylum application because it had not first been processed before an asylum hearing officer. This argument is clearly without merit. Nothing in the INA requires that a hearing officer first process an asylum application, and 8 C.F.R. § 208.14(a) makes it clear that "an immigration judge may grant or deny asylum in the exercise of discretion to an applicant who qualifies as a refugee under section 101(a)(42) of the Act."

Urizar's second argument is that he is an "ABC Class Member,"[1] and that thus, he is entitled to relief under NACARA. NACARA provides that nationals of certain countries, including Guatemala, may seek special rule cancellation of removal. § 203(a)(1). In order to qualify for NACARA special rule cancellation, an alien must have arrived in the United States prior to October 1, 1990, and must have either filed an asylum application prior to April 1, 1990, or have registered as an ABC Class Member prior to December 31, 1991. Id. The burden of proving these prerequisites falls on the alien. 8 C.F.R. § 1240.64(a). The IJ found that Urizar was not credible and that

---

[1] This refers to the class of Salvadoran and Guatemalan nationals covered by a settlement agreement with the Immigration and Naturalization Service (ICE's predecessor agency) with regard to the processing of asylum applications. See American Baptist Churches ("ABC") v. Thornburgh, 760 F. Supp. 796 (C.D. Cal. 1991).

-3-

he arrived in the United States after October 1, 1990.[2]  We conclude that these findings are supported by substantial evidence.

Regarding Urizar's credibility, the IJ noted that Urizar's testimony regarding his date of arrival was contrary to a signed statement he had given earlier to an immigration officer, indicating that Urizar arrived in 1994.[3]  Moreover, the evidence of United States residency that Urizar presented all dated from 1994, the date that Urizar had initially given the immigration officer. Furthermore, although Urizar testified that he registered as an ABC class member, he was able to offer few details other than that he consulted with a lawyer named "Luis."  Finally, there were inconsistencies in various other aspects of Urizar's stories, including his supposed "voluntary" child support payments (which

---

[2]  The IJ also determined that Urizar had not registered as an ABC Class Member.  Urizar argues that the IJ applied the incorrect standard for determining whether he registered as an ABC Class Member.  Because we conclude that Urizar is ineligible for relief under NACARA based on the IJ's other finding -- that Urizar arrived in the United States after October 1, 1990 -- we need not reach this argument.  For the same reason, we also do not reach Urizar's contention that the Government failed to offer sufficient proof that he was ineligible for NACARA relief because of a prior conviction for domestic violence.

[3]  Urizar argues that the statement is inaccurate and that it was not explained to him in his native language, Spanish.  However, the only evidence that Urizar offers to prove this is his own discredited testimony coupled with the fact that the immigration officer who took the statement did not have a Hispanic surname. The IJ was entitled to find as a matter of common sense that immigration officers with non-Hispanic surnames are capable of explaining and translating English-language statements into Spanish.

-4-

evidence submitted by Urizar showed not to be voluntary) and the circumstances under which he was detained by the ICE.[4]   These inconsistencies in Urizar's testimony adequately support the IJ's finding that Urizar was not credible.[5]   See Pan v. Gonzáles, 489 F.3d 80, 86 (1st Cir. 2007) ("The IJ did not deal in broad generalizations but relied on a specific and well-articulated litany of identified inconsistencies in the petitioner's story. Those inconsistencies involve matters important to the petitioner's claims for relief.").

As for his date of arrival in the United States, Urizar was able to offer only two pieces of evidence: an unsworn statement from his girlfriend's mother and his own testimony that he had arrived in 1990.  Urizar's testimony was discredited by the IJ's adverse credibility finding.  The remaining evidence -- the unsworn statement by Urizar's girlfriend's mother -- was contradicted by Urizar's earlier statement to immigration officers and provided little detail regarding the circumstances under which Urizar's girlfriend's mother came to know him when he arrived in the United States.  Given the scant and largely incredible evidence submitted

---

[4]   Urizar claimed that ICE officials had not been specifically looking for him when he was detained.  However, the Notice to Appear with which Urizar was personally served was addressed to him personally.

[5]   These facts are not "minor inconsistencies," as Urizar claims, but rather, mostly go to the heart of Urizar's claim, i.e., the date of his arrival in the United States.

by Urizar, we conclude that the IJ's finding that Urizar had not met his burden of proving that he had entered the United States before October 1, 1990 is supported by substantial evidence. Thus, we affirm the IJ's ruling that Urizar is ineligible for relief under NACARA.

Finally, Urizar contends that the IJ's decisions to reject his asylum, withholding of removal, and CAT claims are erroneous. Urizar states, however, that the IJ has failed to sufficiently explain his reasoning for these decisions, and as such, he is unable to formulate arguments responding to them. We do not agree. The IJ's reasoning explicitly addresses the failings of each of Urizar's claims. The IJ explained that Urizar had failed to provide any evidence beyond his own testimony to support his claims, and that Urizar's testimony had been found not credible. As such, the IJ explained, Urizar did not sustain his burden of demonstrating past or future persecution for the purposes of his claims of asylum, see Berrio-Barrera v. Gonzáles, 460 F.3d 163, 167 (1st Cir. 2006) (noting standard for asylum), and withholding, Stroni v. Gonzáles, 454 F.3d 82, 88 (1st Cir. 2006) (discussing withholding standard), or of demonstrating a likelihood of future state-sanctioned torture for the purposes of his CAT claim, id. at 89-90 (explaining standard for CAT claims). See also Pan, 489 F.3d at 86 ("[E]vidence that the factfinder supportably characterizes as incredible may be either disregarded or

-6-

discounted. Accordingly, an adverse credibility determination can prove fatal to a claim for either asylum or withholding of removal."). Accordingly, we affirm the IJ's decision on these claims as supported by substantial evidence.

## Conclusion

For the foregoing reasons, we deny Urizar's petition.

**Petition denied**.