Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 07-1550

MARICZA ELIZABETH VALDEZ DE MANSILLA,

Petitioner,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL of the UNITED STATES,

Respondent.

PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Siler,* <u>Senior Circuit Judge</u>.

<u>Gerard J. Walsh</u> for petitioner.

<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, <u>Jeffrey J. Bernstein</u>, Senior Litigation Counsel, and <u>R. Alexander Goring</u>, Trial Attorney, Department of Justice, for respondent.

February 1, 2008

*Of the Sixth Circuit, sitting by designation.

**SILER**, **Senior Circuit Judge**. Petitioner, Maricza Elizabeth Valdez de Mansilla, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") order affirming the immigration judge's ("IJ") decision that she was not eligible for relief under § 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA").[1] She argues the IJ erred by denying her a merits hearing to determine her NACARA eligibility. We deny review for reasons stated hereafter.

## I.

Valdez de Mansilla has been in the United States multiple times, the first time between 1985 and 1987. She reentered the United States in June 1989 and remained through late 1996 or early 1997. During that time, she applied for asylum and filed for relief under the American Baptist Churches class action. See Am. Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991). Before these claims were resolved, she left the United States and

---

[1]Pub. L. No. 105-100, 111 Stat. 2193-2201 (Nov. 19, 1997) (as amended by Pub. L. No. 105-139, 111 Stat. 2644-45 (Dec. 2, 1997)). NACARA allows certain aliens to apply for "special rule" cancellation of removal proceedings. See, e.g., Cuadra v. Gonzales, 417 F.3d 947, 948-49 (8th Cir. 2005). To be eligible for NACARA, Guatemalans such as Valdez de Mansilla must have either (1) filed an asylum application before April 1, 1990, or (2) have entered the United States on or before October 1, 1990, and have registered by December 31, 1991, as a member of the class action in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991). 8 C.F.R. §§ 1240.60, 1240.61(a)(1)(2). Valdez de Mansilla meets these minimum requirements.

remained outside the United States for almost one year. She returned in 1997 and remained until departing for Guatemala in 2000. She returned again on or about August 31, 2000, and was placed in removal proceedings. She sought "special rule" cancellation or suspension of removal under NACARA and also applied for asylum and withholding. In July 2003, she withdrew these applications after the IJ determined she was ineligible for NACARA because of her absences from the United States. She departed the United States in August 2003 and reentered in June 2004 when she was again placed in removal proceedings. She sought to renew her NACARA application.

Her claim was before the IJ in June 2005. At this hearing, the IJ noted that she had determined in July 2003 that Valdez de Mansilla was ineligible for NACARA relief because of her absence from the United States in 1997. Valdez de Mansilla argued that she was eligible for NACARA because she had a seven-year continuous presence in the United States from 1997 forward. She acknowledged she left the United States for more than 180 days in 2003 but argued "that was not a meaningfully interruptive period." She stated she had a constitutional right to be heard on the issue of her NACARA eligibility. After noting Valdez de Mansilla conceded she had not been in the United States for seven continuous years, the IJ concluded she could not find Valdez de Mansilla eligible because she was absent for almost a year in 1997 and she

-3-

was absent for more than 180 days from August 2003 through June 2004.  Without opinion, the BIA affirmed the IJ's decision.

## II.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly.  Stroni v. Gonzales, 454 F.3d 82, 86-87 (1st Cir. 2006) (citing Sulaiman v. Gonzales, 429 F.3d 347, 350 (1st Cir. 2005)).  We review the IJ's findings of fact under the substantial evidence standard, and such findings shall not be overturned unless the record compels reversal.  Id. at 87 (citing Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004)).  We review conclusions of law de novo, "'with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles.'"  Id. (quoting Gailus v. INS, 147 F.3d 34, 43 (1st Cir. 1998)).

NACARA allows aliens such as Valdez de Mansilla to apply for "special rule" cancellation of removal proceedings if, among other things, they have been present in the United States for at least seven years immediately preceding the date their NACARA application was filed.  See 8 C.F.R. § 1240.66(b)(2).  In interpreting whether an alien has been present for seven years, the regulations state:

> the applicant shall be considered to have failed to maintain continuous physical presence in the United States if he or she has departed from the United States for any period in excess of 90 days or for

-4-

> any periods in the aggregate exceeding 180 days. The applicant must establish that any period of absence less than 90 days was casual and innocent and did not meaningfully interrupt the period of continuous physical presence in the United States.

Id. § 1240.64(b)(2).

Valdez de Mansilla sought to renew her NACARA application during the removal proceeding initiated in June 2004. But she conceded she was absent from the United States for almost one year in 1997 and more than 180 days from August 2003 through January 2004. Thus, substantial evidence supports the finding that she was not continuously in the United States for seven years immediately preceding the filing of her application, either when she initially filed it or when she renewed it during the instant removal proceedings. See Stroni, 454 F.3d at 87 (citing Romilus, 385 F.3d at 5). Therefore, the IJ correctly ruled that Valdez de Mansilla was ineligible for NACARA relief. See 8 C.F.R. §§ 1240.64(b)(2), 1240.66(b)(2).

On this petition for judicial review, Valdez de Mansilla argues she was in the United States from June 1989 through late 1996 or early 1997, a continuous period of at least seven years. However, that fact is irrelevant. She filed for NACARA relief during the removal proceedings initiated in 2000 and renewed that application during the instant removal proceedings. She was not in the United States for a continuous period of at least seven years immediately preceding the filing of her NACARA application.

-5-

Accordingly, the IJ did not err in not holding a merits hearing before concluding that Valdez de Mansilla was ineligible for NACARA relief.

**III.**

For the forgoing reasons, we affirm the order of the BIA.

**<u>Petition denied.</u>**