**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3657
_____

JORGE RALDA; CAROLA LORENA RALDA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A73-174-735 & A97-157-205)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

HARDIMAN, COWEN and BARRY, Circuit  Judges

(Opinion filed: August 2, 2011)
_____

OPINION
_____

PER CURIAM

 Jorge Ralda ("Ralda"), a citizen of Guatemala, entered the United States without

inspection on March 27, 1988.  In 1995, Ralda pleaded guilty to second degree

aggravated assault in the Superior Court of New Jersey.  N.J. Stat. Ann. § 2C:12-1(b)(1).

He was sentenced to three years of probation, with the condition that he serve 364 days in the Union County Jail. Ralda's wife, Carola Lorena Ralda, who is also a Guatemalan citizen, entered the United States in 2000. In November 2007, the Government charged the couple with removability for entering without inspection in violation of Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. They applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. In addition, Ralda applied for cancellation of removal under INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)], and for special rule cancellation under the Nicaraguan and Central American Relief Act of 1997 ("NACARA").[1]

At a hearing before an Immigration Judge ("IJ"), the Government moved to pretermit Ralda's applications for cancellation of removal on the basis that his aggravated assault conviction constituted a crime involving moral turpitude under INA § 212(a)(2)(A)(i)(I) [8 U.S.C. § 1182(a)(2)(A)(i)(I)]. See INA § 240A(b)(1)(C) (providing that aliens are ineligible for cancellation of removal if they have been convicted of, inter alia, an offense under § 212(a)(2)); Reyes-Morales v. Gonzales, 435 F.3d 937, 943 (8th Cir. 2006) (noting that aliens seeking special rule cancellation of removal must not be inadmissible under INA § 212(a)(2)). Before taking any testimony at the hearing, the IJ granted the Government's motion, agreeing that Ralda's New Jersey conviction rendered him ineligible for both forms of cancellation. According to the IJ,

_____

[1] Carola Lorena Ralda was included as a derivate applicant on Ralda's NACARA application.

2

Ralda was also ineligible for special rule cancellation of removal because he failed to demonstrate that he had registered on or before December 31, 1991, for benefits pursuant to the settlement agreement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC").[2]  Munoz v. Ashcroft, 339 F.3d 950, 956 (3d Cir. 2003) (recognizing that "Guatemalan nationals who, *inter alia*, entered the United States on or before December 1, 1990, and registered for [ABC] . . . settlement benefits on or before December 31, 1991, are also eligible to apply for special rule cancellation.").

On appeal to the Board of Immigration Appeals ("BIA"), Ralda argued that the IJ erred in concluding that his aggravated assault conviction constituted a crime involving moral turpitude.  Ralda also asserted that the IJ improperly determined that he failed to timely register for NACARA benefits without allowing him to testify in support of his claim.  Conducting de novo review, the BIA held that Ralda was ineligible for special rule cancellation of removal.  The Board noted that although Ralda submitted a copy of a completed ABC settlement registration form dated August 10, 1991, there was "no evidence that the form was ever filed with the Department of Homeland Security."  The BIA also rejected Ralda's due process claim that he was denied an opportunity to testify in support of his special rule cancellation application.  Finally, because Ralda failed to

---

[2] In addition, the IJ denied the applications for asylum, withholding of removal, and CAT protection.  Because the petitioners did not dispute this denial on appeal to the BIA or in their opening brief, we will not consider these claims.  Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).

meet his burden of establishing that he timely registered for ABC benefits, the BIA

concluded that it did not need to address the IJ's determination that Ralda had been

convicted of a crime involving moral turpitude.  Ralda has filed a timely petition for

review of the BIA's decision.

As noted, NACARA provides relief to certain individuals who, inter alia,

registered for benefits under the ABC settlement agreement on or before December 31,

1991.  Munoz, 339 F.3d at 956.  The Government argues that we lack jurisdiction to

review the BIA's factual determination that Ralda failed to timely register for ABC

benefits.  Indeed, under the Illegal Immigration Reform and Immigrant Responsibility

Act of 1996 ("IIRIRA"), a factual determination of ineligibility under NACARA is not

subject to judicial review.  Ixcot v. Holder, − F.3d −, 2011 WL 2138234, at *10 (9th Cir.

June 1, 2011) (stating that "IIRIRA expressly precludes federal courts from reviewing the

agency's factual determination that an immigrant is ineligible for ABC benefits or special

rule cancellation of removal under NACARA § 203.").  Nevertheless, we retain

jurisdiction to review constitutional claims or questions of law.  INA § 242(a)(2)(D) [8

U.S.C. § 1252(a)(2)(D)].

Ralda raises a due process claim, asserting that he was not provided with an

opportunity to testify regarding his registration for ABC benefits.[3]  Due process entitles

---

[3] The Government argues that we should not consider this argument because
"Ralda's challenge to the denial of his NACARA application in his administrative
appeal was restricted to arguing that he was not afforded 'the opportunity to

4

an alien to "a full and fair hearing and a reasonable opportunity to present evidence."

Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). To prevail on a due process claim, an alien must show substantial prejudice. Id. At the start of the merits hearing, the Government made an oral motion to pretermit the application for special rule cancellation of removal, arguing that it had no proof that Ralda had timely registered for ABC benefits. In response, Ralda's attorney presented a completed registration form dated August 10, 1991, but acknowledged that the form did not contain a stamp indicating that it had been received by the Government. The IJ agreed to accept the form, but noted that the lack of a stamp affected the document's "[weight] and materiality." At that point, the IJ asked Ralda's attorney, "[i]s anything else you want to . . . be heard on?" Ralda's attorney raised an argument concerning the aggravated assault conviction, but did not call Ralda to testify regarding his submission of the registration form or assert that Ralda had in fact timely applied for benefits.[4] Under these circumstances, we reject

---

present his case.'" Res'p's Br., 16. We disagree. Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006) (recognizing "liberal exhaustion policy"). In any event, the BIA found "no due process violation in this case." Lin v. Att'y Gen., 543 F.3d 114, 123- 24 (3d Cir. 2008) (noting that when the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused).

[4] In support of his due process claim, Ralda relies on a 2006 U.S. Citizenship and Immigration Services Interoffice Memorandum. The Memorandum, which was directed to Asylum Officers and their supervisors, noted that the ABC database registration process was plagued with a number of inadequacies, cautioned that the fact that an applicant's name is not found in an ABC registration database "does not mean that the applicant failed to register for benefits," and stressed that an applicant "may establish registration for ABC benefits by credible testimony

Ralda's claim that he was denied a full and fair hearing and a reasonable opportunity to present evidence. See Hoodho v. Holder, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal quotation marks, alterations, and ellipses omitted)).

Ralda also argues that the IJ erred in determining that his aggravated assault conviction rendered him statutorily ineligible for cancellation of removal under INA § 240A(b)(1). The BIA declined to reach this issue, believing that its determination that Ralda failed to timely file for ABC benefits was dispositive as to both forms of cancellation. Importantly, however, while the failure to timely file for ABC benefits would preclude relief under NACARA, it does not affect whether Ralda is eligible for cancellation of removal under § 240A(b)(1).[5] Because the BIA failed to consider Ralda's

_____

alone." It does not appear, however, that this Memorandum is in the administrative record. McAllister v. Att'y Gen., 444 F.3d 178, 190 (3d Cir. 2006) (holding that review is limited to the administrative record). Moreover, as the Government states, internal documents such as the Memorandum are not binding authority. See Zafar v. Att'y Gen., 461 F.3d 1357, 1365 (11th Cir. 2006) (recognizing that "INS internal memoranda . . . are 'for the convenience of the INS and [do] not have the force and effect of law.'" (citation omitted)).

[5] The Government argues that the BIA was not "required to determine whether [Ralda's] conviction rendered him statutorily ineligible for cancellation of removal under [§ 240A(b)(1)] because Ralda failed to challenge the denial of that application in his administrative appeal." Resp't's Br., 9 n.5. In his brief on appeal to the BIA, Ralda argued that his aggravated assault conviction was not a crime of moral turpitude. That argument was applicable to Ralda's eligibility for cancellation of removal under both § 240A(b)(1) and NACARA. Therefore, we deem the claim exhausted. Joseph, 465 F.3d at 126 .

contention that his aggravated assault conviction was not a crime of moral turpitude for purposes of § 240A(b)(1) eligibility, we must remand to the Board. <u>Konan v. Att'y Gen.</u>, 432 F.3d 497, 502 (3d Cir. 2005) (holding that "if the BIA fails to address one of an applicant's stated grounds for relief, the case must be remanded for the BIA to consider the claim.").

Accordingly, we will grant the petition for review in part, deny it in part, and remand the case for further proceedings consistent with this opinion. In particular, we conclude that Ralda was not deprived of a full and fair hearing, but we hold that the BIA erred by failing to consider Ralda's claim that he is eligible for cancellation of removal under § 240A(b)(1) because his aggravated assault conviction was not a crime involving moral turpitude.