NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3506
_____

JORGE RALDA; CAROLA LORENA RALDA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A73-174-735 and A97-157-207)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2013
Before:  FISHER, GARTH and ROTH, Circuit Judges

(Opinion filed March 22, 2013)
_____

OPINION
_____

PER CURIAM

Jorge Ralda, a citizen of Guatemala, entered the United States without inspection

in 1988.  In 1995, Ralda pleaded guilty in New Jersey state court to second degree

1

aggravated assault. N.J. Stat. Ann. § 2C:12-1(b)(1). Ralda's wife, Carola Lorena Ralda, who is also a Guatemalan citizen, entered the United States in 2000.

In 2007, the Government charged Ralda and his wife with removability for entering without inspection, in violation of Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Ralda applied for cancellation of removal under INA § 240A(b) [8 U.S.C. § 1229b(b)], and for special rule cancellation under the Nicaraguan and Central American Relief Act of 1997 ("NACARA").[1] An Immigration Judge ("IJ") denied relief and the Board of Immigration Appeals ("BIA" or "Board") dismissed Ralda's appeal. The Board essentially held that Ralda was ineligible for both forms of cancellation because he failed to demonstrate that he had registered on or before December 31, 1991, for benefits pursuant to the settlement agreement in Am. Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC"). Ralda filed a timely petition for review.

We granted the petition for review in part, denied it in part, and remanded the case for further proceedings. Ralda v. Att'y Gen., 441 F. App'x 101 (3d Cir. 2011). As relevant here, we held that the BIA erred in concluding that, because Ralda failed to meet his burden of establishing that he timely registered for ABC benefits, it did not need to address Ralda's argument that his aggravated assault conviction did not constitute a crime involving moral turpitude. Id. at 104-05. In particular, we noted that "while the failure to

---

[1] Ralda's wife was included as a derivative applicant on his applications.

timely file for ABC benefits would preclude relief under NACARA, it does not affect whether Ralda is eligible for cancellation of removal under § 240A(b)(1)." Id. at 105. "Because the BIA failed to consider Ralda's contention that his aggravated assault conviction was not a crime of moral turpitude for purposes of § 240A(b)(1) eligibility," we remanded the matter to the Board.

On remand, the BIA held that "a conviction for aggravated assault under N.J. Stat. Ann. § 2C:12-1(b)(1) is categorically a crime involving moral turpitude." See Partyka v. Att'y Gen., 417 F.3d 408, 411 (3d Cir. 2005) (noting that court applies a categorical approach to determine whether a state law conviction constitutes a crime involving moral turpitude). In reaching that conclusion, the Board found that although the statute under which Ralda was convicted "punishes attempts to cause serious bodily injury to another with no resulting bodily harm, there is no distinction for immigration purposes with respect to moral turpitude between the commission of the substantive crime and the attempt to commit it." In addition, the BIA determined that a reckless assault – the least culpable mental state required for a conviction under § 2C:12-1(b)(1) – can implicate moral turpitude. Consequently, the Board ruled that Ralda was ineligible for cancellation of removal under § 240A(b)(1). INA § 240A(b)(1)(C) [8 U.S.C. § 1229b(b)(1)(C)]. The BIA also concluded that Ralda's wife was ineligible for cancellation of removal because she did not accrue the requisite 10 years of continuous physical presence in the United States before being served with the notice to appear in 2007. INA § 240A(b)(1)(A) [8 U.S.C. § 1229b(b)(1)(A)]; § 240A(d)(1) [8 U.S.C. § 1229b(d)(1)]. Ralda and his wife

3

filed another petition for review.

We have jurisdiction over the petition pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. But, as we have repeatedly held, the failure to identify or argue an issue in an opening brief constitutes waiver of that issue on appeal. See, e.g., Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010). The dispositive issue in this case is whether the Board properly concluded that Ralda and his wife are statutorily ineligible for cancellation of removal. That determination turns on whether Ralda was convicted of a crime involving moral turpitude, INA § 240A(b)(1)(C), and whether his wife had continuously been in the United States for the required 10 years, INA § 240A(d)(1). Significantly, however, the petitioners' counseled brief entirely fails to address these questions. Instead, the petitioners focus on whether "[t]he [IJ] erred as a matter of law in the standard . . . used to determine that [Ralda] was statutorily ineligible for" relief under NACARA. As the Government points out, though, we have already held that we lack jurisdiction to review the factual determination that Ralda failed to timely register for NACARA relief and we rejected his contention that he was not provided with an opportunity to testify. Ralda, 441 F. App'x at 103-04. Under these circumstances, we conclude that the petitioners have waived any challenge to the BIA's conclusion that they are ineligible for cancellation of removal under INA § 240A(b)(1). Singh v. Gonzales, 406 F.3d 191, 195 n.5 (3d Cir. 2005).

For the foregoing reasons, we will deny the petition for review.

4