**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE H. ALONZO, AKA Jose Humberto Alonzo,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 09-71407<br><br>Agency No. A094-147-967<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2012**
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

   Jose Humberto Alonzo petitions for review of the Board of Immigration

Appeals's ("BIA") decision finding him ineligible for (1) special rule cancellation

of removal under the Nicaraguan Adjustment and Central American Relief Act

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("NACARA"), Pub. L. No. 105-100, § 203, 111 Stat. 2160, 2193 (1997); (2)

asylum under the Immigration and Nationality Act ("INA") § 208(b)(1), 8 U.S.C. §

1158(b)(1); and (3) withholding of removal under INA § 241(b)(3); 8 U.S.C. §

1231(b)(3). Because the parties are familiar with the history of the case, we need

not recount it here. We grant the petition in part and remand to the BIA for further

proceedings.

## I

The BIA held that Alonzo was ineligible for special rule cancellation of

removal under NACARA. The only two categories of eligibility that Alonzo could

fit into are (1) a Salvadoran national who filed an asylum application on or before

April 1, 1990; or (2) a registered member of the class settlement in *American

Baptist Churches v. Thornburgh* ("ABC"), 760 F. Supp. 796 (N.D. Cal. 1991). 8

C.F.R. §§ 1240.60(a), 1240.61(a).

Alonzo cannot meet the requirements for the first avenue to NACARA relief

under 8 C.F.R. § 1240.61(a) because the only asylum application in the record is

dated January 17, 1997, which is not on or before April 1, 1990. Thus, the only

way for Alonzo to qualify for special rule cancellation would be to show that he is

a "registered ABC class member." 8 C.F.R. § 1240.61(a).

The regulations define an ABC class member as including "[a]ny Salvadoran national who first entered the United States on or before September 19, 1990."  8 C.F.R. § 1240.60.  The regulations define "registered ABC class member" as including a class member who is a national of El Salvador and either (1) properly submitted an ABC registration form to the former Immigration and Nationalization Service ("INS") on or before October 31, 1991, or (2) applied for temporary protected status ("TPS") on or before October 31, 1991.  *Id.*  The only pertinent evidence in the record is a form dated November 13, 1991 and approved by the district director on December 23, 1991 that indicates that Alonzo was renewing his annual registration for TPS status and that he was then in a temporary protected status.  *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1140-41 (9th Cir. 2004).  The BIA determined that this document was an initial application, a conclusion that is belied by the face of the document.  Therefore, we must vacate the BIA's decision and remand for its reconsideration.

### III

The BIA erred as a matter of fact and law in finding Alonzo ineligible for asylum under INA § 208(b)(1) and withholding of removal under INA § 241(b)(3).  The BIA found that Alonzo's asylum application was filed in May 2006.  Because of this, the BIA determined that Alonzo's application is governed by the

amendments to the INA enacted in the REAL ID Act, Pub. L. No. 109-13, Div. B, § 101(a)(3), 119 Stat. 231 (2005), 8 U.S.C. § 1158(b)(1)(B)(ii). According to the REAL ID Act amendments, for all asylum applications filed *on or after* May 11, 2005, the trier of fact may require an applicant to provide corroborating evidence even if the applicant has already provided credible testimony. REAL ID Act § 101(a)(3), (h)(2), 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). Because it found that Alonzo's application was filed on or after May 11, 2005, the BIA concluded that Alonzo's failure to provide corroborating evidence could render him ineligible for asylum.

But Alonzo's application was not filed on or after May 11, 2005. Nothing in the record supports the BIA's factual finding that Alonzo filed his asylum application in May 2006. The BIA cites to "Exh. 4," but the only document in the record to match that description is a notice concerning Alonzo's biometric processing appointment. Indeed, the evidence in the record directly contradicts the BIA. The only Form I-589 Application for Asylum and Withholding of Deportation in the record is signed and dated January 17, 1997. The cover sheet

-4-

for the INS's referral of Alonzo's asylum application to the Immigration Court states that the INS received Alonzo's application on January 27, 1997. These two documents, uncontradicted by anything else in the record, compel the conclusion that Alonzo filed his asylum application in January 1997, well before May 11, 2005.

Because Alonzo filed his asylum application before the effective date of the REAL ID Act, it is governed by the pre-REAL ID Act standards regarding corroborating evidence. *See id.*; *Joseph v. Holder*, 600 F.3d 1235, 1246 n.8 (9th Cir. 2010). Under the pre-REAL ID Act standards, the trier of fact may not require corroborating evidence unless it first makes an explicit adverse credibility determination. *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000), *superseded by statute as stated by Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009) ("In the absence of an explicit adverse credibility finding, we must assume that Kataria's factual contentions are true . . . . Because Kataria's testimony is deemed to be credible, the BIA erred by requiring him to produce corroborating evidence."). Accordingly, before finding Alonzo ineligible for asylum based on his failure to submit corroborating evidence of past persecution, the BIA must have made an explicit adverse credibility determination. However, the BIA did not make such an adverse credibility determination in this case.

Therefore, the BIA erred as a matter of law in dismissing Alonzo's appeal based on its finding that Alonzo was ineligible for asylum—and, consequently, withholding of removal—because he failed to provide sufficient corroborating evidence. Accordingly, we remand this case so that the BIA may make an express credibility determination under pre-REAL ID Act standards.

The BIA's alternative finding that Alonzo lacked a well founded fear of future persecution must be vacated and remanded as well, so that the BIA may consider the effect of the presumption of past persecution if it concludes that Alonzo was credible under pre-REAL ID standards and had suffered past persecution.

For similar reasons, remand is also appropriate for Alonzo's application for withholding of removal. Alonzo may yet be able to establish past persecution, and if he does, he is entitled to a rebuttable presumption of eligibility for withholding of removal. 8 C.F.R. § 1208.16(b)(1); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010).

IV

The government argues that because Alonzo's asylum application contains no declarations regarding either past persecution or fear of future persecution, he has not contested the issue before the agency and has therefore not exhausted it.

However, the BIA addressed the issue, and so the issue has been exhausted. *See*

*Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

**PETITION GRANTED; REMANDED.**