NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELOMI M. VILLALTA, | No. 12-17579 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-03021-WHA |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 10, 2015**

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Selomi M. Villalta appeals pro se from the district court's judgment

dismissing his action alleging that the government breached an immigration-related

class action settlement agreement (the "ABC agreement").   We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Villalta's claims because the complaint and attached exhibits failed to show that defendants breached the ABC agreement or violated the United States Constitution. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege sufficient facts to state a plausible claim); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether a complaint states a claim for relief, a court may consider facts contained in documents attached to the complaint); *Am. Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) (the ABC agreement).

The district court did not abuse its discretion in denying Villalta's motion for leave to file an amended complaint because the proposed amendment was untimely and would have been futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 949, 951 (9th Cir. 2006) (setting forth standard of review and grounds for denying leave to amend).

**AFFIRMED.**

12-17579