# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-4478

———————————————

Enio Mazariegos-Chojolan

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: December 14, 2017
Filed: December 20, 2017
[Unpublished]

——————————

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

——————————

PER CURIAM.

An immigration judge denied the request of Guatemalan citizen Enio Mazariegos-Chojolan for special-rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central America Relief Act of 1997 (NACARA) because Mazariegos-Chojolan failed to register for benefits under the settlement agreement in American Baptist Churches v. Thornburgh, ("ABC"), 760 F. Supp. 796

(N.D. Cal. 1991) (approving a settlement that required eligible Guatemalans to notify the INS in writing by December 31, 1991, of their intent to receive the agreement's benefits). The Board of Immigration Appeals dismissed Mazariegos-Chojolan's appeal from this decision, and he now petitions this Court for review.

Although Mazariegos-Cholojan couches much of his argument in legal terms, the disposition of his claim depends upon the critical factual determination whether he registered for ABC benefits in a timely fashion. See Manani v. Filip, 552 F.3d 894, 900 n.3 (8th Cir. 2009) (noting that an alien's recitation of "due process" and legal precedent in her brief "does not convert her attack on the BIA's exercise of discretion into a colorable constitutional" or legal claim over which this Court would have jurisdiction). Mazariegos-Cholojan's NACARA claim is not properly before this Court because the agency denied relief based on his failure to register for ABC benefits in a timely fashion. See Molina Jerez v. Holder, 625 F.3d 1058, 1069 (8th Cir. 2010) (recognizing that whether an alien "registered for *ABC* benefits in a timely manner is a purely factual issue over which this court lacks jurisdiction"). The petition is dismissed for lack of jurisdiction.

_____