**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERLIN TORRES RAMIREZ,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>  Defendants-Appellees. | No.  16-56727<br><br>D.C. No.<br>2:15-cv-09674-SVW-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 12, 2018[**]
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and CHEN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

Erlin Torres Ramirez disputes the determination of the United States Citizenship and Immigration Services ("USCIS") that he is not eligible for benefits under the class action settlement approved in *American Baptist Churches v. Thornburgh* (*ABC*), 760 F. Supp. 796 (N.D. Cal. 1991). The district court granted the Government's motion to dismiss, and Torres Ramirez appeals. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM.**

Torres Ramirez is not a member of the *ABC* class because it included only "all Salvadorans in the United States as of September 19, 1990" and "all Guatemalans in the United States as of October 1, 1990." *ABC*, 760 F. Supp. at 799. Torres Ramirez acknowledges he did not enter the United States until 1994.

Torres Ramirez therefore seeks derivative membership in the class on the basis of his mother's asylum application, on which he claims to have been named as a derivative beneficiary, under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997). That claim fails, however, because he does not allege that his mother ever qualified and received benefits as a member of that class, as required by NACARA § 203(a)(5)(C)(i)(III). Even assuming that she did, he does not allege that he was a "child" as defined in 8 U.S.C. § 1101(b)(1) at the time she obtained relief. *See* NACARA

§ 203(a)(5)(C)(i)(III).  The district court correctly noted that Torres Ramirez only alleges he was 15 years old at the time the application was filed.

**AFFIRMED.**